IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. Action. No. 15-23-RGA |
| | ) | |
| WILMINGTON TRUST CORPORATION, | ) | |
| DAVID R. GIBSON, | ) | |
| ROBER V. A. HARRA, | ) | |
| WILLIAM NORTH, and | ) | |
| KEVYN RAKOWSKI, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM ORDER

Defendant Wilmington Trust has moved for leave to serve two Rule 17(c) subpoenas, which the United States opposes in part. (D.I. 338, 339, 340, 341).

The parties agree that the controlling case is *United States v. Cuthbertson*, 630 F.2d 139, 145 (3d Cir. 1980).

> To obtain pretrial production of documents, a party must show:
>
> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Id.* (quoting *United States v. Nixon*, 418 U.S. 683, 699-700 (1974)).

The Government's principal objection is that the subpoenas broadly seek non-relevant information.

The FDIC subpoena seeks a broad array of documents and emails relating to FDIC examinations for the four years from January 1, 2004 through December 31, 2007. (D.I. 338-2 at 2-6). The criminal conspiracy is alleged in the Third Superseding Indictment to begin in October 2009. (D.I. 243, ¶65). The other counts occur on dates later than October 2009. Wilmington Trust advances two main reasons why the subpoenaed documents are relevant.

First, Wilmington Trust says that the FDIC rated loans underwritten in the 2004-07 time period as strong and of high quality. These include some loans that were part of the portfolio about which the Defendants are alleged to have been lying in the 2009-10 time period. The Government responds that the Third Superseding Indictment does not raise an issue about the quality of the 2004-07 loans at the time they were written. The charges involve the rigor of the underwriting in 2009 and thereafter. Presumably, the Government is also conceding that if for some reason there is testimony at trial that Wilmington Trust had rigorous underwriting standards in the 2004-07 time period, the Government will not be presenting evidence to the contrary. Nor will the Government be arguing that loans underwritten in 2004-07 that are part of the 2009-10 accusations were poorly underwritten in the first place, that is, in the 2004-07 time period. Thus, as the underwriting in 2004-07 is not at issue, the subpoenaed evidence is irrelevant.

Second, Wilmington Trust argues that the subpoenaed documents will show the states of mind of the FDIC and Defendants. Assuming the state of mind of the FDIC in 2004-07 is relevant, which is an extremely doubtful proposition, the CAMELS ratings will reveal what it thought. The state of mind of Defendants in 2004-07 is not particularly relevant, and, in any event, only a fisherman[1] would expect to find out the states of minds of Wilmington Trust Co.

---

[1] I do not find that the application is in bad faith, but it mystifies me how one could look at the email portion of the subpoena and conclude this is anything other than a fishing expedition akin to taking civil discovery.

employees by examining the workpapers of the FDIC. The FDIC subpoena seeks nothing but irrelevant materials. The motion relating to it (D.I. 338) is therefore **DENIED.**

The Pennsylvania Department of Banking and Securities subpoena seeks a broad array of documents and emails relating to supervisory events (which I take to be essentially the same as examinations) for the nearly four years from January 1, 2007 through November 30, 2010. (D.I. 339-2 at 2-8). This subpoena is more promising, as it at least relates to a time period that includes the time period of the Third Superseding Indictment. Further, the Government's only objection is to "category 1a" of the subpoena, which relates to an "Interagency Loan Review" begun on October 2, 2006, which might have concluded by February 12, 2007. The Government does not really separately address "category 1a." It appears the Government's time-frame argument in opposition to the FDIC subpoena might apply just as well to "category 1a." Given, however, that Wilmington Trust previously served, without opposition from the Government, an extremely similar subpoena on the Delaware counterpart to the Pennsylvania Department of Banking and Securities (*see* D.I. 275-2), it seems to me the better course here is to find "category 1a" close enough to the time period of the Third Superseding Indictment to find it relevant, and, thus, to **GRANT** Wilmington Trust's motion (D.I. 339).

IT IS SO ORDERED this 18 day of April 2017.

_____
United States District Judge