## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:15-23-RGA |
| | ) | |
| DAVID R. GIBSON, | ) | |
| ROBERT V.A. HARRA, | ) | |
| WILLIAM NORTH, and | ) | |
| KEVYN RAKOWSKI, | ) | |
| | | |
| Defendants. | | |

### DEFENDANTS' ADDITIONAL PROPOSED JURY INSTRUCTIONS

The government and the Defendants have agreed on certain proposed jury instructions (the "Joint Proposed Jury Instructions"), which have been filed separately. Additional instructions are necessary, and the Defendants respectfully submit the following additional proposed instructions ("Defendants' Additional Proposed Jury Instructions"). The government and individual Defendants will file additional proposed instructions, as well. The parties will continue to confer and attempt to resolve additional disagreements prior to the charge conference.

Neither the Joint Proposed Jury Instructions nor the Defendants' Additional Proposed Jury Instructions is intended to address either a theory of the defense or the numerous issues likely to arise during the trial. Accordingly, the Defendants reserve the right to request to modify the Joint Proposed Jury Instructions and the Defendants' Additional Proposed Jury Instructions, as well as the right to request additional instructions.

Dated:  February 26, 2018                    Respectfully submitted,


By:      /s/
         Kenneth M. Breen
         John P. Nowak
         Phara A. Guberman
         John S. Malik
         *Attorneys for Defendant David R. Gibson*


By:      /s/
         Michael P. Kelly
         Steven P. Wood
         Geoffrey N. Rosamond
         Dawn Kurtz Crompton
         Andrew M. Lawler
         Sharon D. Feldman
         *Attorneys for Defendant Robert V.A. Harra*


By:      /s/
         David E. Wilks
         R. Stokes Nolte
         Andrea Schoch Brooks
         Samuel Moultrie
         Thomas A. Foley
         *Attorneys for Defendant William North*


By:      /s/
         Henry E. Klingeman
         Helen Nau
         Bartholomew J. Dalton
         Andrew C. Dalton
         Ipek K. Medford
         *Attorneys for Defendant Kevyn Rakowski*

PROPOSED JURY INSTRUCTION NO. 1 (Role of the Jury)......................................................... 1

PROPOSED JURY INSTRUCTION NO. 2 (Conduct of the Jury) ............................................... 3

PROPOSED JURY INSTRUCTION NO. 3 (Bench (Side-Bar) Conferences)............................. 6

PROPOSED JURY INSTRUCTION NO. 4 (Note Taking by Jurors) .......................................... 7

PROPOSED JURY INSTRUCTION NO. 5 (Description of Trial Proceedings).......................... 9

PROPOSED JURY INSTRUCTION NO. 6 (Evidence)............................................................... 11

PROPOSED JURY INSTRUCTION NO. 7 (Nature of the Indictment) .................................... 12

PROPOSED JURY INSTRUCTION NO. 8 (Presumption of Innocence; Burden of Proof;
    Reasonable Doubt)........................................................................................................... 13

PROPOSED JURY INSTRUCTION NO. 9 (Separate Consideration – Multiple
    Defendants Charged with Different Offenses).................................................................. 15

PROPOSED FINAL INSTRUCTIONS........................................................................................ 16

PROPOSED JURY INSTRUCTION NO. 1 (Government as a Party) ...................................... 16

PROPOSED JURY INSTRUCTION NO. 2 (Nature of the Indictment) .................................... 17

PROPOSED JURY INSTRUCTION NO. 3 (Jury's Recollection Controls) .............................. 18

PROPOSED JURY INSTRUCTION NO. 4 (Credibility of Witnesses – Plea Bargain) ............. 19

PROPOSED JURY INSTRUCTION NO. 5 (Falsus in Uno, Falsus in Omnibus) ..................... 21

PROPOSED JURY INSTRUCTION NO. 6 (Summary Charts and Testimony) ........................ 22

PROPOSED JURY INSTRUCTION NO. 7 (Number of Witnesses) ......................................... 23

PROPOSED JURY INSTRUCTION NO. 8 (Multiple Counts)................................................... 24

PROPOSED JURY INSTRUCTION NO. 9 (Each Element Must Be Established Beyond
    a Reasonable Doubt) ........................................................................................................ 25

PROPOSED JURY INSTRUCTION NO. 10 (Forms 10-Q and 10-K) ...................................... 26

PROPOSED JURY INSTRUCTION NO. 11 (Count 1 – Conspiracy)....................................... 27

PROPOSED JURY INSTRUCTION NO. 12 (Count 1 – Conspiracy – First Element –
    Existence of an Agreement) ............................................................................................. 29

PROPOSED JURY INSTRUCTION NO. 13 (Count 1 – Conspiracy – First Element –
    Alleged Unlawful Objectives – Alleged False Statements) ............................................. 31

PROPOSED JURY INSTRUCTION NO. 15 (Count 1 – Conspiracy – Second Element –
    Membership in the Agreement) ....................................................................................... 34

PROPOSED JURY INSTRUCTION NO. 16 (Count 1 – Conspiracy – Third Element –
    Mental States)................................................................................................................... 36

PROPOSED JURY INSTRUCTION NO. 17 (Count 1 – Good Faith) ...................................... 39

PROPOSED JURY INSTRUCTION NO. 19 (Count 1 – Conspiracy – Fourth Element –
    Overt Acts)........................................................................................................................ 42

PROPOSED JURY INSTRUCTION NO. 20 (Renewing or Extending Matured Loans Is Lawful)...................................................................................................... 43

PROPOSED JURY INSTRUCTION NO. 21 (No Duty To Disclose Loan Renewals or Loan Extensions) ................................................................................................ 44

PROPOSED JURY INSTRUCTION NO. 22 (Count 2 – 18 U.S.C. § 1348)............................. 45

PROPOSED JURY INSTRUCTION NO. 23 (Count 2 – 18 U.S.C. § 1348 – First Element –Fraudulent Scheme) .................................................................... 47

PROPOSED JURY INSTRUCTION NO. 24 (Count 2 – 18 U.S.C. § 1348 – First Element –Scheme – Definitions) .................................................................... 49

PROPOSED JURY INSTRUCTION NO. 25 (Count 2 – 18 U.S.C. § 1348 – First Element –Scheme – Alleged False Statements and Requirement of Unanimity) ............ 51

PROPOSED JURY INSTRUCTION NO. 26 (Count 2 – 18 U.S.C. § 1348 – First Element –Scheme – Falsity)............................................................................ 53

PROPOSED JURY INSTRUCTION NO. 27 (Count 2 – 18 U.S.C. § 1348 – First Element –Materiality) ................................................................................... 54

PROPOSED JURY INSTRUCTION NO. 28 (Count 2 – 18 U.S.C. § 1348 – Second Element – Knowledge, Willfulness, and Specific Intent To Defraud) ........................... 55

PROPOSED JURY INSTRUCTION NO. 29 (Count 2 – Good Faith) ...................................... 58

PROPOSED JURY INSTRUCTION NO. 31 (Count 2 – 18 U.S.C. § 1348 – Third Element –In Connection with Purchase or Sale of Securities)........................................ 61

PROPOSED JURY INSTRUCTION NO. 32 (Counts 4, 6 – 15 U.S.C. §§ 78m(a), 78ff; 17 C.F.R. §§ 240.13a-1, 240.13a-13).................................................................. 62

PROPOSED JURY INSTRUCTION NO. 33 (Counts 4, 6 – First Element – False Statement of Fact) ................................................................................ 63

PROPOSED JURY INSTRUCTION NO. 37 (Counts 4, 6 – First Element – Falsity) .............. 67

PROPOSED JURY INSTRUCTION NO. 38 (Counts 4, 6 – First Element – Unanimity) ........ 68

PROPOSED JURY INSTRUCTION NO. 39 (Counts 4, 6 – Second Element – Materiality) ...................................................................................... 69

PROPOSED JURY INSTRUCTION NO. 40 (Counts 4, 6 – Third Element – Made or Caused) ...................................................................................... 70

PROPOSED JURY INSTRUCTION NO. 41 (Counts 4, 6 – Fourth Element – Knowledge, Willfulness, and Intent To Defraud)............................................................ 71

PROPOSED JURY INSTRUCTION NO. 42 (Counts 4, 6 – Good Faith)................................. 73

PROPOSED JURY INSTRUCTION NO. 43 (Counts 4, 6 – Knowledge, Willfulness, and Specific Intent To Defraud – Standards Unclear) .................................... 75

PROPOSED JURY INSTRUCTION NO. 44 (Counts 5, 11-16 – U.S.C. § 1001)................. 76

PROPOSED JURY INSTRUCTION NO. 45 (Counts 5, 11-16 – False Statements – First Element – False, Fictitious, or Fraudulent)........................................................ 77

PROPOSED JURY INSTRUCTION NO. 46 (Counts 5, 11-16 – Falsity)................................. 79

PROPOSED JURY INSTRUCTION NO. 47 (Counts 5, 11-16 – False Statements – Unanimity Required) ....................................................................................... 80

PROPOSED JURY INSTRUCTION NO. 48 (Counts 5, 11-16 – First Element – Allegedly False Statements) ........................................................................ 81

PROPOSED JURY INSTRUCTION NO. 53 (Alleged False Statements in Count 14) ............ 86

PROPOSED JURY INSTRUCTION NO. 54 (Alleged False Statements in Count 15) ............. 87

PROPOSED JURY INSTRUCTION NO. 55 (Alleged False Statements in Count 16) ............. 88

PROPOSED JURY INSTRUCTION NO. 56 (Counts 5, 11-16 – False Statements – Second Element – Materiality)........................................................................ 89

PROPOSED JURY INSTRUCTION NO. 57 (Counts 5, 11-16 – False Statements – Third Element – Made a Statement) ........................................................................ 90

PROPOSED JURY INSTRUCTION NO. 58 (Counts 5, 11-16 – False Statements – Fourth Element – Knowing and Willful Conduct)........................................... 91

PROPOSED JURY INSTRUCTION NO. 59 (Counts 5, 11-16 – Good Faith) ......................... 93

PROPOSED JURY INSTRUCTION NO. 60 (Counts 5, 11-16 – Knowingly and Willfully – Standards Unclear) ................................................................. 94

PROPOSED JURY INSTRUCTION NO. 61 (Counts 5, 11-16 – False Statements – Fifth Element – In a Matter Within the Jurisdiction of the United States) ............... 95

PROPOSED JURY INSTRUCTION NO. 62 (Counts 7-10 – False Entry – 18 U.S.C. § 1005) ....................................................................................................... 96

PROPOSED JURY INSTRUCTION NO. 63 (Counts 7-10 – False Entry – First Element – Defendant Made Entry)................................................................................. 97

PROPOSED JURY INSTRUCTION NO. 64 (Alleged False Statements in Count 7) ............... 98

PROPOSED JURY INSTRUCTION NO. 65 (Alleged False Statements in Count 8) ............... 99

PROPOSED JURY INSTRUCTION NO. 66 (Alleged False Statements in Count 9) ............. 100

PROPOSED JURY INSTRUCTION NO. 67 (Alleged False Statements in Count 10) ........... 101

PROPOSED JURY INSTRUCTION NO. 68 (Counts 7-10 – False Entry – Second Element – False Entry)................................................................................. 102

PROPOSED JURY INSTRUCTION NO. 69 (Counts 7-10 – False Entry – Second Element – Materiality) ................................................................................ 103

PROPOSED JURY INSTRUCTION NO. 70 (Counts 7-10 – False Entry – Second Element – Unanimity Required) ...................................................................... 104

PROPOSED JURY INSTRUCTION NO. 71 (Counts 7-10 – False Entry – Third Element – Willfulness and Intent To Deceive) ........................................................... 105

PROPOSED JURY INSTRUCTION NO. 72 (Counts 7-10 – Good Faith) ............................. 106

PROPOSED JURY INSTRUCTION NO. 73 (Counts 7-10 – Willfulness and Intent To
        Deceive – Standards Unclear) ......................................................................... 108

PROPOSED JURY INSTRUCTION NO. 74 (Counts 7-10 – False Entry – Fourth
        Element – Bank Deposits Were Federally Insured) ........................................ 109

PROPOSED JURY INSTRUCTION NO. 75 (Theory of Defense)........................................... 110

## DEFENDANTS' ADDITIONAL PROPOSED INSTRUCTIONS

**PROPOSED JURY INSTRUCTION NO. 1 (Role of the Jury)**

Now that you have been sworn, let me tell you what your role is as jurors in this case.

Under our system of justice, the role of the jury is to find the facts of the case based on the evidence presented in the trial. You must decide the facts only from the evidence presented to you in this trial.

From the evidence that you will hear and see in court, you will decide what the facts are and then apply to those facts the law that I will give to you in my final instructions. That is how you will reach your verdict.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. Therefore, each of you has a responsibility which you cannot avoid and you should do your best throughout the trial to fulfill this responsibility.

I play no part in finding the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or about what your verdict should be. My role is to make whatever legal decisions have to be made during the course of the trial and to explain to you the legal principles that must guide you in your decisions.

You must apply my instructions about the law. Each of the instructions is important. You must not substitute your own notion or opinion about what the law is or ought to be. You must follow the law that I give to you, whether you agree with it or not.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color,

1

religion, national ancestry, or gender, *sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.*[1]

---

[1] 3d Cir. Model Crim. Jury Instr. § 1.02 (Dec. 2012) (optional language included).

**PROPOSED JURY INSTRUCTION NO. 2 (Conduct of the Jury)**

Here are some important rules about your conduct as jurors:

(1)     Keep an open mind. Do not make up your mind about the verdict until you have

heard all of the evidence, and I have given final instructions about the law at the end of the trial,

and you have discussed the case with your fellow jurors during your deliberations.

(2)     Do not discuss the case among yourselves until the end of the trial when you retire

to the jury room to deliberate. You need to allow each juror the opportunity to keep an open

mind throughout the entire trial. During trial you may talk with your fellow jurors about anything

else of a personal nature or of common interest. *But you may not discuss the case with your*

*fellow jurors during trial.*

(3)     During the trial you should not speak to any of the parties, lawyers, or witnesses

involved in this case, not even to pass the time of day. If any lawyer, party, or witness does not

speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they

are not supposed to talk or visit with you, either.

(4)     Do not talk with anyone else or listen to others talk about this case until the trial

has ended and you have been discharged as jurors. It is important not only that you do justice in

this case, but that you give the appearance of justice. If anyone should try to talk to you about the

case during the trial, please report that to me, through my courtroom deputy, immediately. Do

not discuss this situation with any other juror.

(5)     Do not discuss the case with anyone outside the courtroom or at home, including

your family and friends. You may tell your family or friends that you have been selected as a

juror in a case and you may tell them how long the trial is expected to last. However, you should

also tell them that the judge instructed you not to talk any more about the case and that they

3

should not talk to you about it. The reason for this is that sometimes someone else's thoughts can influence you. Your thinking should be influenced only by what you learn in the courtroom.

(6)     *[] Until the trial is over I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any TV or radio newscasts at all. I do not know whether there might be any news reports of this case, but if there are you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over. It is important for you to understand that this case must be decided only by the evidence presented in the courtroom and the instructions I give you.*

(7)     Do not use a computer, cellular phone, other electronic devices or tools of technology while in the courtroom or during deliberations. These devices may be used during breaks or recesses for personal uses, but may not be used to obtain or disclose information about this case. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Google+, Facebook, My Space, LinkedIn, and YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it.

(8)     Do not do any research or make any investigation on your own about any matters relating to this case or this type of case. This means, for example, that you must not visit the scene, conduct experiments, consult reference works or dictionaries, or search the internet, websites or blogs for additional information, or use a computer, cellular phone, or other electronic devices or tools of technology, or any other method, to obtain information about this case, this type of case, the parties in this case, or anyone else involved in this case. Please do not

4

try to find out information from any source outside the confines of this courtroom. You must decide this case based only on the evidence presented in the courtroom and my instructions about the law. It would be improper for you to try to supplement that information on your own.

(9)    *If you learn that any juror has violated any of the above rules, you must report the violation to me immediately.*

(10)    Finally, you should not concern yourselves with or consider the possible punishment that might be imposed if you return a verdict of guilty.[2]

---

[2] 3d Cir. Model Crim. Jury Instr. § 1.03 & cmt. (Dec. 2012) (optional language from the comment regarding highly publicized cases included) (modifications in italics).

5

**PROPOSED JURY INSTRUCTION NO. 3 (Bench (Side-Bar) Conferences)**

During the trial it may be necessary for me to talk with the lawyers out of your hearing. That is called a bench or side-bar conference. If that happens, please be patient. We also ask that you advise me, through my courtroom deputy, if you are able to hear any of the bench or side-bar conferences, because the purpose is to hold these discussions outside the hearing of the jury, for important reasons.

I know you may be curious about what we are discussing. We are not trying to keep important information from you. These conferences are necessary for me to discuss with the lawyers' objections to evidence and to be sure that evidence is presented to you correctly under the rules of evidence. We will, of course, do what we can to keep the number and length of these conferences to a minimum. If I think the conference will be long, I will call a recess.

I may not always grant a lawyer's request for a conference. Do not consider my granting or denying a request for a conference as suggesting my opinion of the case or of what your verdict should be.[3]

---

[3] 3d Cir. Model Crim. Jury Instr. § 1.04 (Dec. 2012) (modifications in italics).

6

**PROPOSED JURY INSTRUCTION NO. 4 (Note Taking by Jurors)**

At the end of the trial you must make your decision based on what you remember of the evidence. You will not have a written transcript of the testimony to review. You must pay close attention to the testimony as it is given.

If you wish, you may take notes to help you remember what witnesses said. My courtroom deputy will arrange for pens, pencils, and paper. If you do take notes, please keep them to yourself until the end of trial when you and your fellow jurors go to the jury room to decide the case. Here are some other specific points to keep in mind about note taking:

(1)     Note-taking is permitted, but it is not required. You are not required to take notes. How many notes you want to take, if any, is entirely up to you.

(2)     Please make sure that note-taking does not distract you from your tasks as jurors. You must listen to all the testimony of each witness. You also need to decide whether and how much to believe each witness. That will require you to watch the appearance, behavior, and manner of each witness while he or she is testifying. You cannot write down everything that is said and there is always a fear that a juror will focus so much on note-taking that he or she will miss the opportunity to make important observations.

(3)     Your notes are memory aids; they are not evidence. Notes are not a record or written transcript of the trial. Whether or not you take notes, you will need to rely on your own memory of what was said. Notes are only to assist your memory; you should not be overly influenced by notes.

(4)     In your deliberations, do not give any more or less weight to the views of a fellow juror just because that juror did or did not take notes. Do not assume that just because something is in someone's notes that it necessarily took place in court. It is just as easy to

7

write something down incorrectly as it is to hear or remember it incorrectly. Notes are not entitled to any greater weight than each juror's independent memory of the evidence. You should rely on your individual and collective memories when you deliberate and reach your verdict.

(5)    <u>You should not take your notes away from court</u>. *[Description of the logistics for storing notes to be added.]* My staff is responsible for making sure that no one looks at your notes. Immediately after you have finished your deliberations and I have accepted your verdict, my staff will collect and destroy your notes, to protect the secrecy of your deliberations.[4]

---

[4] 3d Cir. Model Crim. Jury Instr. § 1.05 (Dec. 2012).

**PROPOSED JURY INSTRUCTION NO. 5 (Description of Trial Proceedings)**

The trial will proceed in the following manner:

First: The lawyers will have an opportunity to make opening statements to you. The prosecutor may make an opening statement at the beginning of the case. The defendants' lawyers may make opening statements after the prosecutor's opening statement or the defendants may postpone the making of an opening statement until after the government finishes presenting its evidence. The defendants *are* not required to make an opening statement.

The opening statements are simply an outline to help you understand what each party expects the evidence to show. What is said in the opening statements is not itself evidence.

Second: After opening statements, the government will introduce the evidence that it thinks proves the charges stated in the indictment. The government will present witnesses and the defendants' lawyers may cross-examine those witnesses. The government may also offer documents and other exhibits into evidence.

Third: After the government has presented its evidence, the defendants may present evidence, but *they are* not required to do so. As I will tell you many times during this trial, the government always has the burden or obligation to prove each and every element of the offenses charged beyond a reasonable doubt. The defendants *are* presumed to be innocent of the charges. The law never imposes on a defendant in a criminal case the burden of proving *his or her* innocence or calling any witnesses, producing any exhibits, or introducing any evidence.

Fourth: After all of the evidence has been presented, the lawyers will have the opportunity to present closing arguments. Closing arguments are designed to present to you the parties' theories about what the evidence has shown and what conclusions may be drawn from the evidence. What is said in closing arguments is not evidence, just as what is said in the opening

statements is not evidence.

Fifth: After you have heard the closing arguments, I will give you orally *and in writing* the final instructions concerning the law that you must apply to the evidence presented during the trial. As I am doing now, I may also give you instructions on certain aspects of the law throughout the trial, as well as at the end of the trial.

Sixth: After my final instructions on the law, you will retire to consider your verdict. Your deliberations are secret. You will not be required to explain your verdict to anyone. Your verdict must be unanimous *as to each count and each defendant that you are considering*; all twelve of you must agree to it.

You must keep your minds open during this trial. Do not make up your mind about any of the questions in this case until you have heard each piece of evidence and all of the law which you must apply to that evidence; in other words, until you begin your deliberations.[5]

---

[5] 3d Cir. Model Crim. Jury Instr. § 1.07 (Dec. 2012) (modifications in italics).

**PROPOSED JURY INSTRUCTION NO. 6 (Evidence)**

You must make your decision in this case based only on the evidence that you see and hear in the courtroom. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in anyway.

The evidence from which you are to find the facts consists of the following:

(1)     The testimony of the witnesses;

(2)     Documents and other things received as exhibits; and

(3)     Any fact or testimony that is stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1)     Statements and arguments of the lawyers for the parties in this case;

(2)     Questions by the lawyers and questions that I might ask. You must not assume that a fact is true just because one of the lawyers or I ask a question about it. It is the witness' answers that are evidence. Of course, you may need to consider the question to know what a witness means by his or her answer. For example, if a witness answers yes to a question, you will have to consider the question to understand what the witness is saying;

(3)     Objections by lawyers, including objections in which the lawyers state facts;

(4)     Any testimony I strike or tell you to disregard; and

(5)     *Anything you may see or hear about this case outside the courtroom. []*[6]

---

[6] 3d Cir. Model Crim. Jury Instr. § 1.08 (Dec. 2012) (modifications in italics).

11

**PROPOSED JURY INSTRUCTION NO. 7 (Nature of the Indictment)**

The government has charged the defendant *Mr. Gibson, Mr. Harra, Mr. North, and Ms. Rakowski* with violating federal law, specifically *18 U.S.C. Section 371 (Count 1), 18 U.S.C. Section 1348 (Count 2), 15 U.S.C. Sections 78m(a) and 78ff (Counts 4 and 6), 18 U.S.C. Section 1001 (Counts 5 and 11–16), and 18 U.S.C. Section 1005 (Counts 7–10). Counts 17–19 charge Mr. Gibson with violating 18 U.S.C. Section 1350*. The charge*s* against *the defendants are* contained in the indictment. An indictment is just the formal way of specifying the exact crime*s* the defendant*s are* accused of committing. An indictment is simply a description of the charge*s* against a defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that *anyone* has been indicted in making your decision in this case.[7]

---

[7] 3d Cir. Model Crim. Jury Instr. § 1.11 (Dec. 2012) (modifications in italics).

**PROPOSED JURY INSTRUCTION NO. 8 (Presumption of Innocence; Burden of Proof; Reasonable Doubt)**

The defendant*s Mr. Harra, Mr. Gibson, Mr. North, and Ms. Rakowski have* pleaded not guilty to the offense*s* charged. *Each defendant* is presumed to be innocent. *Each defendant* starts the trial with a clean slate, with no evidence against *him or her* . The presumption of innocence stays with *each defendant* unless and until the government presents evidence that overcomes that presumption by convincing you that *the defendant you are considering* is guilty of the offense*s* charged beyond a reasonable doubt.

The presumption of innocence requires that you find *Mr. Harra, Mr. Gibson, Mr. North, and Ms. Rakowski* not guilty, unless you are satisfied that the government has proved guilt *of the defendant you are considering* beyond a reasonable doubt. The presumption of innocence means that *the defendants have* no burden or obligation to present any evidence at all or to prove that *they are* not guilty. The burden or obligation of proof is on the government to prove that *each defendant* is guilty *beyond a reasonable doubt*, and this burden stays with the government throughout the trial.

In order for you to find *Mr. Harra, Mr. Gibson, Mr. North, or Ms. Rakowski* guilty of the offense*s* charged, the government must convince you that *the defendant you are considering* is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offense*s* charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture or speculation are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or

13

experience. A reasonable doubt means a doubt that would cause an ordinary reasonable person to hesitate to act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, after hearing all the evidence, you are convinced that the government has proved *Mr. Harra, Mr. Gibson, Mr. North, or Ms. Rakowski* guilty beyond a reasonable doubt, you should return a verdict of guilty. However, if you have a reasonable doubt as to an element of an offense, then you must return a verdict of not guilty.[8]

---

[8] 3d Cir. Model Crim. Jury Instr. § 1.13 (Dec. 2012) (modifications in italics).

**PROPOSED JURY INSTRUCTION NO. 9 (Separate Consideration – Multiple Defendants Charged with Different Offenses)**

The defendants *Mr. Harra, Mr. Gibson, Mr. North, and Ms. Rakowski are all charged with more than one offense. Each offense is charged in a separate count of the indictment*. I will explain to you in more detail shortly which defendants are charged with which offenses. Before I do that, however, I want to emphasize several things.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way. Also, in our system of justice, guilt or innocence is personal and individual. You must separately consider the evidence against each defendant on each offense charged, and you must return a separate verdict for each defendant *[] on* each *[] count*. For each defendant and *[] count*, you must decide whether the government has proved beyond a reasonable doubt that the particular defendant is guilty of the particular offense.

Your decision on any one defendant or any one *[] count*, whether guilty or not guilty, should not influence your decision on any of the other defendants or *[] counts*. Each defendant and each *count []* should be considered separately.[9]

---

[9] 3d Cir. Model Crim. Jury Instr. § 1.17 (Apr. 2015) (modifications in italics).

15

## PROPOSED FINAL INSTRUCTIONS

**PROPOSED JURY INSTRUCTION NO. 1 (Government as a Party)**

You are to perform the duty of finding the facts without bias or prejudice as to any party.

You are to perform your final duty in an attitude of complete fairness and impartiality.

*[]* Keep in mind that *[t]*he fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to *Mr. Gibson, Mr. Harra, Mr. North, and Ms. Rakowski* in this case. *[]*

*The question before you can never be: will the government win or lose the case? The government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.*[10]

---

[10] 1 Leonard B. Sand et al., Modern Federal Jury Instructions—Criminal ¶ 2.01, Instr. 2-5 & cmt. (Matthew Bender 2017) (hereinafter, "Sand") (modifications in italics).

16

**PROPOSED JURY INSTRUCTION NO. 2 (Nature of the Indictment)**

As you know, the defendant*s Robert Harra, David Gibson, William North, and Kevyn Rakowski are* charged in the indictment with violating federal law, specifically *18 U.S.C. Section 371 (Count 1), 18 U.S.C. Section 1348 (Count 2), 15. U.S.C. Sections 78m(a) and 78ff (Counts  4 and 6), 18 U.S.C. Section 1001 (Counts 5 and 11–16), and 18 U.S.C. Section 1005 (Counts 7–10). Counts 17–19 charge Mr. Gibson with violating 18 U.S.C. Section 1350.* As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crime*s* the defendant*s are* accused of committing. An indictment is simply a description of the charge*s* against a defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that *anyone has* been indicted in making your decision in this case.[11]

---

[11] 3d Cir. Model Crim. Jury Instr. § 3.07 (Apr. 2015) (modifications in italics).

**PROPOSED JURY INSTRUCTION NO. 3 (Jury's Recollection Controls)**

If any reference by the Court or by counsel to matters of testimony or exhibits does not

coincide with your own recollection of that evidence, it is your recollection which should control

during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.[12]

---

[12] 1A Kevin F. O'Malley et al., Federal Jury Practice and Instructions § 12:07 (West 6th ed. 2017 Update) (hereinafter, "O'Malley"); United States v. Thame, 846 F.2d 200, 204 (3d Cir. 1988) (approving the instruction that the jury's "recollection of the evidence controlled over any statement by counsel and not to 'consider any personal opinions of the attorneys, but only their logical arguments based on the evidence'").

**PROPOSED JURY INSTRUCTION NO. 4 (Credibility of Witnesses – Plea Bargain)**

You have heard evidence that *Joseph Terranova and Brian Bailey have entered into plea agreements with the prosecution. More specifically, you have heard that Joseph Terranova and Brian Bailey are alleged co-conspirators who say they have participated in the crime charged and who have made plea agreements with the prosecution. They entered into agreements with the government which provide that in return for their cooperation, the government will recommend a less severe sentence.*

*In evaluating the credibility of Joseph Terranova and Brian Bailey, you should take into account this evidence that they may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests. Therefore, if you find that Mr. Terranova or Mr. Bailey has an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of their testimony and accept it with great care.*

*Their []* testimony was received in evidence and may be considered by you.  The government is permitted to present the testimony of someone who has *pled guilty* in exchange for *his* testimony, but you should consider the testimony of *Mr. Terranova and Mr. Bailey* with great care and caution. In evaluating *their* testimony, you should consider this factor along with the others I have called to your attention. Whether or not *their* testimony may have been influenced by *[] their plea agreements* is for you to determine. You may give *their* testimony such weight as you think it deserves.

You must not consider *Mr. Terranova or Mr. Bailey's* guilty plea*s* as any evidence of *the defendants' alleged* guilt. *Mr. Terranova and Mr. Bailey's* decision to plead guilty was a personal decision about *their* own guilt. Such evidence is offered only to allow you to assess the

19

credibility of [] *Mr. Terranova and Mr. Bailey [] and* to eliminate any concern that *any of the defendants* has been singled out for prosecution[]. You may consider *Mr. Terranova and Mr. Bailey's* guilty pleas only for these purposes.[13]

---

[13] 3d Cir. Model Crim. Jury Instr. § 4.19 (Oct. 2016) (modifications in italics) (some optional language included). The word "detailed" has been omitted to more closely mirror Third Circuit precedent that a guilty plea may be admitted "to explain how the witness has first-hand knowledge concerning the events about which he/she is testifying." *See United States v. Universal Rehab. Servs. (PA), Inc.*, 205 F.3d 657, 665 (3d Cir. 2000) (en banc).

**PROPOSED JURY INSTRUCTION NO. 5 (Falsus in Uno, Falsus in Omnibus)**

*[]* If *you determine that any witness has []* knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.[14]

---

[14] 1A O'Malley, § 15.06 (modifications in italics) (optional language included).

21

**PROPOSED JURY INSTRUCTION NO. 6 (Summary Charts and Testimony)**

*The parties have offered into evidence certain summary charts and you will hear testimony from certain summary witnesses that the offering parties contend are based on information from exhibits and testimony that has already been received into evidence. Such summary charts or testimony may prove useful to your consideration of the evidence in this case, but I warn you that you must evaluate such summary charts or testimony with great care. []* The *summary charts or testimony* are not themselves evidence or proof of any facts. If the *summary charts or testimony* do not correctly reflect the evidence in the case, you should disregard them and determine the facts from the underlying evidence.[15]

---

[15] 3d Cir. Model Crim. Jury Instr. § 4.10 (Oct. 2016) (modifications in italics).

22

**PROPOSED JURY INSTRUCTION NO. 7 (Number of Witnesses)**

*One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.*

*Do not make any decisions based on the number of witnesses who testified. []* You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses *on an issue []* is more credible than the testimony of a greater number of witnesses *[]*.

*Remember that Mr. Gibson, Mr. Harra, Mr. North, and Ms. Rakowski have no obligation to present any witnesses or evidence. The burden of proof beyond a reasonable doubt remains on the government at all times.*[16]

---

[16] 1A O'Malley, § 14.16 (modifications in italics).

**PROPOSED JURY INSTRUCTION NO. 8 (Multiple Counts)**

*The indictment contains a total of 19 separate counts, or charges. You must not draw any inference of guilt from the number of charges included in the indictment. The number of charges in no way diminishes or dilutes the presumption of innocence to which Mr. Gibson, Mr. Harra, Mr. North, and Ms. Rakowski are entitled, or the government's burden to prove each defendant guilty beyond a reasonable doubt.* A separate *alleged* crime is charged in each count of the indictment. Each charge, and the evidence pertaining to it, *[] must* be considered separately by the jury. *[]*[17]

---

[17] 1A O'Malley, § 12.12 (modifications in italics).

**PROPOSED JURY INSTRUCTION NO. 9 (Each Element Must Be Established Beyond a Reasonable Doubt)**

*As I will instruct you shortly, each offense charged in the indictment contains one or more different elements.*

*[]* Unless the government proves *[]* beyond a reasonable doubt *[] that the defendant you are considering has* committed each and every element of the *[] count you are considering*, you must find *that defendant []* not guilty *[] on that count*.[18]

---

[18] 1A O'Malley, § 12.10 (modifications in italics).

25

**PROPOSED JURY INSTRUCTION NO. 10 (Forms 10-Q and 10-K)**

*You have heard testimony relating to certain reports that Wilmington Trust Corporation filed with the Securities and Exchange Commission or "SEC." These reports include Form 10-Q and Form 10-K. These reports are documents that publicly traded companies, like Wilmington Trust Corporation, must file with the SEC. These reports include financial statements that present a company's operating results and cash flows for a particular financial reporting period. A Form 10-Q relates to a quarterly financial reporting period. A Form 10-K relates to an annual financial reporting period. []* A company's *Form 10-Q and Form 10-K []* cannot, and need not, provide all the information that is available about the company. That is not the function of *[] a Form 10-Q or a Form 10-K. These reports, []* taken as a whole*,* must disclose the information that is needed to fairly present the company's financial position, operating results, and cash flows.[19]

---

[19] ABA, *Model Jury Instructions: Securities Litigation* § 5.02 (1996) (modifications in italics); 17 C.F.R. §§ 249.308a & 249.310 (2017).

**PROPOSED JURY INSTRUCTION NO. 11 (Count 1 – Conspiracy)**

Count *1* of the indictment charges that *[] from in or around October 2009, through in or around November 2010, in the* District of *Delaware, Mr. Harra, Mr. Gibson, Mr. North, and Ms. Rakowski* agreed or conspired with *Joseph Terranova and Brian Bailey* to *defraud the United States and* commit [] offens*es* against the United States, namely *securities fraud, false statements in reports filed with the Securities and Exchange Commission ("SEC"), and false statements to the SEC and federal regulators,* and that, to further the objective of the conspiracy, at least one member of the conspiracy committed at least one overt act, as alleged in the indictment.[20]

It is a federal crime for two or more persons to agree or conspire to *defraud the United States or to* commit any offense against the United States, even if they never actually achieve their objective. A conspiracy is a kind of criminal partnership.

In order for you to find *the defendant you are considering* guilty of conspiracy to *defraud the United States or to* commit [] offens*es* against the United States, you must find that the government proved beyond a reasonable doubt each of the following four (4) elements:

> First: That two or more persons *knowingly, willfully, and intentionally* agreed *"to defraud the United States" or* to commit *[] the* offenses *[] of securities fraud, false statements in reports filed with the SEC, and false statements to the SEC and federal regulators,* as charged in the indictment;
>
> Second: That *the defendant you are considering* was a party to or member of that agreement;
>
> Third: That *the defendant you are considering willfully* joined the agreement or conspiracy knowing of its objective *[]* and intending to join together with at least one other alleged conspirator to achieve *that* objective*, and did so with the requisite criminal intent of the alleged underlying offense*; that is, that *the defendant you are considering* and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, *to defraud the United States or* to commit *[] securities fraud, make false statements in*

---

[20] Third Superseding Indict. ¶ 65.

*reports filed with the SEC, or make false statements to the SEC and regulators*, *and that the defendant joined knowingly, willfully, and with intent to defraud*; and

Fourth: That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

I will explain each of these elements in more detail.[21]

---

[21] 3d Cir. Model Crim. Jury Instr. §§ 6.18.371A, .371B (Apr. 2015) (modifications in italics) (some optional language included).

28

**PROPOSED JURY INSTRUCTION NO. 12 (Count 1 – Conspiracy – First Element – Existence of an Agreement)**

The first element of the crime of conspiracy is the existence of an agreement. The government must prove beyond a reasonable doubt that two or more persons knowingly, *willfully,*[22] and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve *[] an unlawful* objective of the conspiracy, *to defraud the United States, to commit securities fraud, to make false statements in reports filed with the SEC, and to make false statements to the SEC and federal regulators.* The government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding. The government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objective, or agreed to all the details, or agreed to what the means were by which the objective would be accomplished. The government is not *[]* required to prove that all the people named in the indictment were, in fact, parties to the agreement *[]*. What the government must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the government has proved beyond a reasonable doubt that an agreement or mutual understanding existed. You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from

---

[22] *See United States v. Quinn*, 416 F. Supp. 2d 133, 135 n.3 (D.D.C. 2006) (where substantive offense included element of willfulness, "[t]he element of willfulness also applied to the conspiracy charge").

the circumstances surrounding the *alleged* scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

The indictment charges a conspiracy *to achieve four unlawful objectives: (1) to defraud the United States; (2) to commit the federal offense of securities fraud; (3) to make false statements in reports filed with the SEC; and (4) to commit the federal offense of false statements to the SEC and federal regulators.* The government does not have to prove that the alleged conspirators agreed to *[] achieve* all of these *[] unlawful objectives.* The government, however, must prove that *[] the alleged conspirators* agreed to *[] achieve* at least one of the *[] unlawful objectives charged in Count 1 [].*[23]

---

[23] 3d Cir. Model Crim. Jury Instr. § 6.18.371C (April 2015) (modifications in italics); *see also United States v. Helmsley*, 941 F.2d 71, 91 (2d Cir. 1991) (approving conspiracy instruction that "required [jury] to be unanimous as to the particular ground selected"); *United States v. Stern*, No. 03 Cr. 81, 2003 WL 22743897, at *2 (S.D.N.Y. Nov. 20, 2003).

**PROPOSED JURY INSTRUCTION NO. 13 (Count 1 – Conspiracy – First Element – Alleged Unlawful Objectives – Alleged False Statements)**

As I have already instructed you, the indictment charges a conspiracy to commit four unlawful objectives. One of the alleged unlawful objectives involved allegedly false statements in reports filed with the SEC. Another alleged unlawful objective involved making allegedly false statements to the SEC and federal regulators. The other two alleged unlawful objectives, to defraud the United States and commit securities fraud, also involve the making of allegedly false statements. In this case, the alleged false statements concern "past due" loans.[24] The government contends that these statements were false because all loans that were matured for more than 90 days were "past due" and were required to be reported as "past due."

If you find that statements concerning "past due" loans could be true under any reasonable interpretation of the applicable reporting standards, then you cannot find that these statements were false.[25] Thus, if the statement at issue could be true under the applicable reporting standards, then you cannot find that any defendant conspired to make false statements, or to defraud the United States by making false statements, or to commit securities fraud by making false statements. In that event, you must return verdicts of not guilty for all defendants on

---

[24] *See* Bill of Particulars ¶ I(A).

[25] The government does not have the burden of proving that a statement was actually made under this count. However, if the intended statement at issue could not be false under the applicable reporting standards, the defendants cannot be found guilty of conspiracy under any theory involving such statements. *See, e.g.*, *United States v. Whiteside*, 285 F.3d 1345, 1351 (11th Cir. 2002); *United States v. Bryant*, 556 F. Supp. 2d 378, 444, 448 (D.N.J. 2008) (where a scheme to defraud was premised on false statements under a contract, "the Government has the burden of negating any reasonable interpretation of the [contract] that would make [the defendant's] conduct consistent with a reasonable exercise of his discretion under the [contract], rather than a 'scheme or artifice to defraud'" (citing *Whiteside*, 285 F.3d at 1351)); *id.* at 446 ("[T]o the extent that a fraudulent misrepresentation turns on the Government's interpretation of a legal standard, the government must negative any reasonable interpretation of the legal standard under which the alleged 'misrepresentation' is not false or misleading."); *see also United States v. D'Alessio*, 822 F. Supp. 1134, 1144 (D.N.J. 1993) (stating that the defendant did not have "fair warning" that he was bound by a particular rule (internal quotation marks omitted)).

Count 1.

**PROPOSED JURY INSTRUCTION NO. 14 (Count 1 – Conspiracy – First Element – Alleged Unlawful Objectives – Need for Unanimity)**

As I have instructed you, Count 1 charges that the alleged conspirators entered into an agreement to knowingly and willfully accomplish four unlawful objectives.

The government need not prove that the alleged conspirators entered into an agreement to knowingly and willfully accomplish all four unlawful objectives. However, the government must prove beyond a reasonable doubt that the alleged conspirators entered into an agreement to knowingly and willfully accomplish at least one of the unlawful objectives charged in Count 1. All twelve of you must find that the same unlawful objective was agreed upon by the alleged co-conspirators. It is not enough to convict if some of you find that the government has proven an agreement to knowingly and willfully accomplish one unlawful objective while others of you find that the government has proven an agreement to accomplish a different unlawful objective. If you do not all agree unanimously that the government has proven beyond a reasonable doubt an agreement to knowingly and willfully accomplish the same unlawful objective, you must return a verdict of not guilty for all defendants with respect to Count 1.[26]

---

[26] *See, e.g.*, 1A O'Malley, § 13.07 (modifications not italicized); 1 Sand ¶ 9.07, Instr. 9-7 (modifications not italicized); *United States v. Beros*, 833 F.2d 455, 461–62 (3d Cir. 1987); *see also United States v. Crisci*, 273 F.3d 235, 239 (2d Cir. 2001) (per curiam); *United States v. Helmsley*, 941 F.2d 71, 91 (2d Cir. 1991) (approving conspiracy instruction that "required [jury] to be unanimous as to the particular ground selected"); *United States v. Stern*, No. 03 CR. 81, 2003 WL 22743897, at *2 (S.D.N.Y. Nov. 20, 2003).

**PROPOSED JURY INSTRUCTION NO. 15 (Count 1 – Conspiracy – Second Element – Membership in the Agreement)**

If you find that a criminal agreement or conspiracy existed, then in order to find *the defendant you are considering* guilty of conspiracy you must also find that the government proved beyond a reasonable doubt that *the defendant* knowingly*, willfully,* and intentionally joined that agreement or conspiracy during its existence. The government must prove that *the defendant you are considering* knew the goal or objective of the agreement or conspiracy and *[] willfully* joined it during its existence, intending to achieve the common goal or objective and to work together with the other alleged conspirators toward *that* goal or objective. *The government must also prove that the defendant you are considering joined the conspiracy with the specific intent required to commit the underlying offense.*[27]

The government need not prove that *the defendant you are considering* knew everything about the conspiracy *[]*, or that *the defendant* was a member from the beginning.  The government also does not have to prove that *the defendant you are considering* played a major or substantial role in the conspiracy.

You may consider both direct evidence and circumstantial evidence in deciding whether *the defendant you are considering* joined the conspiracy, knew of its criminal objective*s,* and intended to further the objective*s with the required criminal intent*. Evidence which shows that *a defendant* only knew about the conspiracy, or only kept "bad company" by associating with members of the conspiracy, or was only present when it was discussed or when a crime was

---

[27] *See United States v. Brodie*, 403 F.3d 123, 147 (3d Cir. 2005) (stating that "the government, in proving a conspiracy under 18 U.S.C. § 371, was required to prove at least the degree of criminal intent necessary for the underlying substantive offense"); *see also United States v. Quinn*, 416 F. Supp. 2d 133, 135 n.3 (D.D.C. 2006) (where substantive offense included element of willfulness, "[t]he element of willfulness also applied to the conspiracy charge"); *see also* 3d Cir. Model Crim. Jury Instr. § 6.18.371E cmt. (Apr. 2015) (citing *Brodie*, 403 F.3d at 147).

committed, is not sufficient to prove that *the defendant* was a member of the conspiracy even if *the defendant* approved of what was happening or did not object to it. Likewise, evidence showing that *a defendant* may have done something that happened to help a conspiracy does not necessarily prove that *the defendant* joined the conspiracy. You may, however, consider this evidence, with all the other evidence, in deciding whether the government proved beyond a reasonable doubt that *a defendant* joined the conspiracy.[28]

---

[28] 3d Cir. Model Crim. Jury Instr. § 6.18.371D (Apr. 2015) (modifications in italics).

**PROPOSED JURY INSTRUCTION NO. 16 (Count 1 – Conspiracy – Third Element – Mental States)**

In order to find *the defendant you are considering* guilty of conspiracy you must find that the government proved beyond a reasonable doubt that *the defendant willfully* joined the conspiracy knowing of *the objectives of the conspiracy []* and intending to help further or achieve *those* objective*s. Additionally, the government must prove that the defendant you are considering had the required criminal intent to commit the underlying offense*.

*First, []* the government must prove*, as to the defendant you are considering*: (1) that *the defendant* knew of the objective or goal of the conspiracy, (2) that *the defendant* joined the conspiracy intending to help further or achieve that goal or objective, and (3) that *the defendant* and at least one other alleged conspirator shared a unity of purpose toward *that* objective or goal.[29]

*Second, the government must prove that the defendant you are considering joined the conspiracy willfully and with the criminal intent required by the underlying offense.*[30] *In this case, the government has alleged four possible underlying offenses: to defraud the United States, to commit securities fraud, to make false statements in reports filed with the SEC, and to make false statements to the SEC and federal regulators. Each alleged offense requires the criminal*

---

[29] 3d Cir. Model Crim. Jury Instr. § 6.18.371E (modifications in italics).

[30] *See United States v. Brodie*, 403 F.3d 123, 147 (3d Cir. 2005) (stating that "the government, in proving a conspiracy under 18 U.S.C. § 371, was required to prove at least the degree of criminal intent necessary for the underlying substantive offense"); *United States v. Hartline*, No. CR 14-548, 2016 WL 8716246, at *4 (E.D. Pa. Sept. 16, 2016) ("The Court recognizes that in order for the Government to prove conspiracy under 18 U.S.C. § 371, it is 'required to prove at least the degree of criminal intent necessary for the underlying substantive offense.' In addition, the Government 'must prove that the defendant had knowledge of the facts that constitute the offense and of the illicit purpose of the conspiracy.'" (quoting *Brodie*, 403 F.3d at 147–48)); *see also* 3d Cir. Model Crim. Jury Instr. § 6.18.371E cmt. (Apr. 2015) (citing *Brodie*, 403 F.3d at 147); *United States v. Quinn*, 416 F. Supp. 2d 133, 135 n.3 (D.D.C. 2006) (where substantive offense included element of willfulness, "[t]he element of willfulness also applied to the conspiracy charge").

intent that a defendant act knowingly, willfully, and with the intent to defraud. Thus, to find that any defendant willfully joined the conspiracy with the required criminal intent, the government must prove beyond a reasonable doubt that the defendant you are considering willfully joined the conspiracy knowingly, willfully, and with the intent to defraud.

[] To act "knowingly" means that the government must prove beyond a reasonable doubt that *the defendant you are considering* was conscious and aware of the nature of his or her actions and of the surrounding facts and circumstances, as specified in the definition of the offenses charged. [] *In this case, this means that the government must prove beyond a reasonable doubt that the defendant knew that statements concerning "past due" loans were false.* In deciding whether *the defendant* acted "knowingly," you may consider evidence about what *the defendant* said, what *the defendant* did and failed to do, how *the defendant* acted, and all the other facts and circumstances shown by the evidence that may prove what was in *the defendant*'s mind at that time.[31]

[] *To act "willfully"* means the government must prove beyond a reasonable doubt that *the defendant you are considering* knew his or her conduct was unlawful and intended to do something that the law forbids. That is, to find that *the defendant* acted "willfully," you must find that the evidence proved beyond a reasonable doubt that *the defendant* acted with a purpose to disobey or disregard the law. "Willfully" does not, however, require proof that *the defendant* had any evil motive or bad purpose other than the purpose to disobey or disregard the law.[32]

[] To act with an "intent to defraud" means to act knowingly and with the intention or the

---

[31] *See* 3d Cir. Model Crim. Jury Instr. § 5.02 (Apr. 2015) ("Knowingly") (modifications in italics).

[32] *See* 3d Cir. Model Crim. Jury Instr. § 5.05 (Apr. 2015) ("Willfully") (modifications in italics); *see also Ratzlaf v. United States*, 510 U.S. 135 (1994); *Cheek v. United States*, 498 U.S. 192 (1991); *United States v. Starnes*, 583 F.3d 196, 211 (3d Cir. 2009); *United States v. Curran*, 20 F.3d 560, 570-71 (3d Cir. 1994).

purpose to deceive or to cheat. In considering whether *a defendant* acted with an intent to defraud, you may consider, among other things, whether *the defendant* acted with a desire or purpose to bring about some gain or benefit to *himself or herself* or someone else or with a desire or purpose to cause some loss to someone.[33]

If the law or the applicable reporting standards concerning "past due" loans were vague, unclear, or subject to more than one reasonable interpretation, or if the defendant you are considering believed that the applicable reporting standards were vague, unclear, or subject to more than one reasonable interpretation, the defendant cannot be found to have acted knowingly, willfully, and with the intent to defraud. The government has the burden of proving beyond a reasonable doubt that the applicable reporting standards were clear, that the defendant you are considering understood the applicable reporting standards in question, and that the defendant acted willfully with the intent to defraud.[34]

You may consider both direct evidence and circumstantial evidence, including *a defendant's* words or conduct and other facts and circumstances, in deciding whether *the defendant you are considering* had the required knowledge and *criminal* intent.[35]

---

[33] *See* 3d Cir. Model Crim. Jury Instr. § 6.18.1341-4 (Oct. 2016) (Mail or Wire Fraud – "Intent to Defraud" Defined) (modifications in italics).

[34] *See United States v. Whiteside*, 285 F.3d 1345, 1351 (11th Cir. 2002); *United States v. Bryant*, 556 F. Supp. 2d 378, 444, 448 (D.N.J. 2008) (where a scheme to defraud was premised on false statements under a contract, "the Government has the burden of negating any reasonable interpretation of the [contract] that would make [the defendant's] conduct consistent with a reasonable exercise of his discretion under the [contract], rather than a 'scheme or artifice to defraud'" (citing *Whiteside*, 285 F.3d at 1351)); *id.* at 446 ("[T]o the extent that a fraudulent misrepresentation turns on the Government's interpretation of a legal standard, the government must negative any reasonable interpretation of the legal standard under which the alleged 'misrepresentation' is not false or misleading."); *United States v. D'Alessio*, 822 F. Supp. 1134, 1144 (D.N.J. 1993).

[35] 3d Cir. Model Crim. Jury Instr. § 6.18.371E (modifications in italics) (optional language omitted).

**PROPOSED JURY INSTRUCTION NO. 17 (Count 1 – Good Faith)**

The offense of *conspiracy* charged in the indictment require*s* proof that *a defendant* acted *"knowingly," "willfully," and with "intent to defraud."* If you find that *a defendant* acted in "good faith," that would be a complete defense to this charge, because good faith on the part of *the defendant* would be inconsistent with *his or her* acting *knowingly, willfully, and with the intent to defraud.*

A person acts in "good faith" when he or she has an honestly held belief, opinion, or understanding that *not all matured loans had to be reported as "past due",* even though the belief, opinion, or understanding turns out to be inaccurate or incorrect. Thus, in this case if *the defendant you are considering* made an honest mistake or had an honest misunderstanding about *whether all loans that were matured had to be reported as "past due",* then *the defendant* did not act *knowingly, willfully, and with the intent to defraud.*

*The defendants do* not have the burden of proving "good faith." Good faith is a defense because it is inconsistent with the requirement of the offense*s* charged, that *the defendant* acted *knowingly, willfully, and with the intent to defraud.* As I have told you, it is the government's burden to prove beyond a reasonable doubt each element of the offense, including the mental state element. In deciding whether the government proved that *the defendant you are considering* acted *with the required intent* or, instead, whether *the defendant* acted in good faith, you should consider all of the evidence presented in the case that may bear on *the defendant's* state of mind. If you find from the evidence that *the defendant* acted in good faith, *[]* or if you find for any other reason that the government has not proved beyond a reasonable doubt that *the defendant* acted *knowingly, willfully, and with the intent to defraud,* you must find *the defendant* not guilty of *[]*

39

*Count 1.*[36]

---

[36] Third Cir. Model Crim. Jury Instr. § 5.07 (Apr. 2015) ("Good Faith Defense") (modifications in italics) (optional language omitted).

**PROPOSED JURY INSTRUCTION NO. 18 (Count 1 – Knowledge, Willfulness, and Specific Intent To Defraud – Standards Unclear)**

If the law or the applicable reporting standards were vague, unclear, or subject to more than one interpretation, or if a defendant believed that the law or the applicable reporting standards were vague, unclear, or subject to more than one interpretation, a defendant cannot be found to have acted knowingly, willfully, and with a specific intent to defraud. That is to say, the defendant cannot be found to have entered into an agreement to knowingly and willfully achieve any of the unlawful objectives charged in Count 1.

The government has the burden of proving beyond a reasonable doubt that the law and the applicable reporting standards were clear, that the defendant you are considering understood the law and the applicable reporting standards in question, and that the defendant acted willfully with the intent to defraud. If the government fails to satisfy this burden of proof, you must enter a verdict of not guilty.[37]

---

[37] *United States v. Whiteside*, 285 F.3d 1345, 1351 (11th Cir. 2002); *United States v. Bryant*, 556 F. Supp. 2d 378, 444, 448 (D.N.J. 2008) (where a scheme to defraud was premised on false statements under a contract, "the Government has the burden of negating any reasonable interpretation of the [contract] that would make [the defendant's] conduct consistent with a reasonable exercise of his discretion under the [contract], rather than a 'scheme or artifice to defraud'"); *see also United States v. Pirro*, 212 F.3d 86, 90–91 (2d Cir. 2000); *Siddiqi v. United States*, 98 F.3d 1427, 1439 (2d Cir. 1996); *United States v. Migliaccio*, 34 F.3d 1517, 1525 (10th Cir. 1994); *United States v. Levin*, 973 F.2d 463 (6th Cir. 1992); *United States v. Harris*, 942 F.2d 1125, 1131 (7th Cir. 1991); *United States v. Gahagan*, 881 F.2d 1380, 1384 (6th Cir. 1989); *United States v. Matthews*, 787 F.2d 38, 49 (2d Cir. 1986); *United States v. Mallas*, 762 F.2d 361, 363 (4th Cir. 1985); *United States v. Dahlstrom*, 713 F.2d 1423, 1428 (9th Cir. 1983); *United States v. Race*, 632 F.2d 1114, 1120 (4th Cir. 1980); *United States v. Anderson*, 579 F.2d 455, 460 (8th Cir. 1978); *United States v. Critzer*, 498 F.2d 1160, 1162 (4th Cir. 1974); *Funke v. Life Fin. Corp.*, 237 F. Supp. 2d 458, 468–69 (S.D.N.Y. 2002); *United States v. Crop Growers Corp.*, 954 F. Supp. 335, 347 (D.D.C. 1997); *United States v. D'Alessio*, 822 F. Supp. 1134, 1144 (D.N.J. 1993).

**PROPOSED JURY INSTRUCTION NO. 19 (Count 1 – Conspiracy – Fourth Element – Overt Acts)**

With regard to the fourth element of conspiracy – overt acts – the government must prove beyond a reasonable doubt that during the existence of the conspiracy at least one member of the conspiracy performed at least one of the overt acts described in the indictment, for the purpose of furthering or helping to achieve the objective*s* of the conspiracy.

The indictment alleges certain overt acts. The government does not have to prove that all of these acts were committed or that any of these acts were themselves illegal. Also, the government does not have to prove that *a defendant* personally committed any of the overt acts. The government must prove beyond a reasonable doubt that at least one member of the *alleged* conspiracy committed at least one of the overt acts alleged in the indictment and committed it during the time that the conspiracy existed, for the purpose of furthering or helping to achieve the objective*s* of the conspiracy. You must unanimously agree on the overt act that was committed.[38]

---

[38] 3d Cir. Model Crim. Jury Instr. § 6.18.371F (Apr. 2015) (modifications in italics).

**PROPOSED JURY INSTRUCTION NO. 20 (Renewing or Extending Matured Loans Is Lawful)**

You have heard testimony that a number of loans were renewed or extended in 2009 and 2010. The renewal or extension of loans is part of the ordinary course of day-to-day business for all banks. Accordingly, I instruct you that it is lawful for banks to renew or extend loans.

**PROPOSED JURY INSTRUCTION NO. 21 (No Duty To Disclose Loan Renewals or Loan Extensions)**

You have heard testimony that loans were renewed or extended in 2009 and 2010. It is

important for you to understand that banks are not required to disclose the fact that loans have

been renewed or extended. Accordingly, there is no duty to disclose loan renewals or loan

extensions.

**PROPOSED JURY INSTRUCTION NO. 22 (Count 2 – 18 U.S.C. § 1348)**

I will now instruct you on the substantive securities fraud count, Count 2.

Count 2 of the indictment alleges that, from on or about December 2009 up to on or about February 2010, Mr. Gibson, Mr. Harra, Mr. North, and Ms. Rakowski committed securities fraud. As to each defendant you are considering, the government must prove each of the following elements beyond a reasonable doubt:

    (1)    that the defendant you are considering executed, or attempted to execute, a scheme or artifice

        (a)    to defraud persons in connection with the securities of Wilmington Trust Corporation or

        (b)    to obtain, by means of materially false and fraudulent pretenses, representations, and promises, or by statements containing material omissions, money and property in connection with the purchase and sale of the securities of Wilmington Trust Corporation;

    (2)    that the defendant you are considering acted knowingly, willfully, and with the specific intent to defraud;[39] and

    (3)    that Wilmington Trust Corporation is an issuer of a class of securities registered under Section 12 of the Securities Exchange Act of 1934 (15 U.S.C. § 78*l*) or that it is required to file reports under Section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. § 78o(d)).

If the government has failed to prove one or more of these elements beyond a reasonable doubt with respect to the defendant you are considering, you must return a verdict of not guilty

---

[39] Jury Instructions in *United States v. Slawson*, No. 1:14-CR-186-RWS, 2015 WL 5821244 (N.D. Ga. Aug. 17, 2015) (requiring that the defendant act "knowingly and willfully and with an intent to defraud"); Final Jury Instructions in *United States v. Shabudin*, No. CR 11-664 JSW, 2015 WL 1456310 (N.D. Cal. Mar. 25, 2015) (defendant must participate "knowingly and willfully" and with "intent to defraud"); Jury Instructions in *United States v. Harris*, No. 09CR00406, 2011 WL 2652911 (N.D. Ga. May 31, 2011) (same three mental states); Jury Instructions in *United States v. Abdallah*, No. 09-CR-0717 (S-1)(JFB), 2011 WL 12854942 (E.D.N.Y. Feb. 25, 2011) (requiring the same three mental states, stating that "[t]he burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt") *aff'd*, 528 F. App'x 79 (2d Cir. 2013).

for that defendant on Count 2.[40]

---

[40] Third Superseding Indict. ¶ 76; 18 U.S.C. § 1348. The Third Circuit does not have a model instruction for 18 U.S.C. § 1348. Because this statute was based on the wire and mail fraud statutes, however, other courts have looked to instructions on those offenses for guidance. *See United States v. Coscia*, 866 F.3d 782, 799 (7th Cir. 2017) ("Because section 1348 was modeled on the federal mail and wire fraud statutes, the district court certainly was on solid ground in looking to the pattern jury instruction for those offenses.").

**PROPOSED JURY INSTRUCTION NO. 23 (Count 2 – 18 U.S.C. § 1348 – First Element – Fraudulent Scheme)**

The first element that the government must prove beyond a reasonable doubt is that the defendant you are considering executed a scheme to either:

(1)     defraud investors by making false or fraudulent statements in connection with the securities of Wilmington Trust Corporation, or

(2)     fraudulently obtain money and property in connection with the purchase and sale of the securities of Wilmington Trust Corporation.

With respect to (1), the government must prove beyond a reasonable doubt that the defendant you are considering executed, or attempted to execute, a scheme or artifice to defraud investors by making false or fraudulent statements in connection with the securities of Wilmington Trust Corporation.

With respect to (2), the government must prove beyond a reasonable doubt that the defendant you are considering executed, or attempted to execute, a scheme or artifice to obtain money by means of false or fraudulent pretenses, representations, or promises in connection with the purchase or sale of the securities of Wilmington Trust Corporation. The phrase "in connection with the purchase or sale of any security" means that the alleged scheme involved conduct that occurred in some phase of a transaction involving the purchase or sale of a security of Wilmington Trust Corporation.

To find that the government has proven the first element of Count 2 beyond a reasonable doubt with respect to the defendant you are considering, you must be unanimous that the government has proven beyond a reasonable doubt that the defendant executed, or attempted to execute, either (1) a scheme to defraud investors by making false or fraudulent statements in connection with the securities of Wilmington Trust Corporation, or (2) a scheme or artifice to

47

obtain money by means of false or fraudulent pretenses, representations, or promises in connection with the purchase or sale of the securities of Wilmington Trust Corporation, as discussed above. It is not enough to convict if some of you find that the government has proven with respect to the defendant you are considering while others of you find that the government has proven (2) with respect to that defendant. If you cannot unanimously agree, you must return a verdict of not guilty on Count 2 for the defendant you are considering.[41]

---

[41] *See* 18 U.S.C. § 1348.

**PROPOSED JURY INSTRUCTION NO. 24 (Count 2 – 18 U.S.C. § 1348 – First Element – Scheme – Definitions)**

*[]* A "scheme" is merely a plan for accomplishing an object.

"Fraud" is a *[]* term which embraces all the various means by which one person can gain an advantage over another by false representations *[]*.

Thus, a "scheme to defraud" is any plan, device, or course of action to deprive another of money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

*[]*

A statement, representation, claim or document is false if it is untrue when made and if the person making the statement, representation, claim or document or causing it to be made knew it was untrue at the time it was made.

A representation or statement is fraudulent if it was *[] known to be false and was* made with the intention to deceive.

*[]*

In order to establish a scheme to defraud *or to fraudulently obtain money or property*, the government must also prove that the alleged scheme contemplated depriving another of money or property.

However, the government is not required to prove that *the defendant you are considering []* originated the scheme *[]*. Furthermore, it is not necessary that the government prove that *the defendant you are considering* actually realized any gain from the scheme or that any intended victim actually suffered any loss.*[]*[42]

---

[42] *See* 3d Cir. Model Crim. Jury Instr. § 6.18.1341-1 (Oct. 2016) (Mail, Wire, or Bank Fraud – "Scheme To Defraud or to Obtain Money or Property" Defined) (modifications in italics).

**PROPOSED JURY INSTRUCTION NO. 25 (Count 2 – 18 U.S.C. § 1348 – First Element – Scheme – Alleged False Statements and Requirement of Unanimity)**

The only allegedly false statements that you may consider with respect to Count 2 are the following statements on the SEC Form 10-K for 2009 submitted by Wilmington Trust Corporation [Exhibit No. X].

The government contends that the following statements on page 55 of the SEC Form 10-K for 2009 were false:

    (1)    the table listing the amounts of particular categories of loans past due 90 days or more;

    (2)    the ratio of loans past due 90 days to total loans outstanding; and

    (3)    the discussion of "Accruing Loans Past Due 90 Days or More."

The three statements identified above on page 55 of the Wilmington Trust Corporation SEC Form 10-K for 2009 are the only statements that you may consider with respect to Count 2.[43]

The government need not prove that each statement was false. However, the government must prove beyond a reasonable doubt that at least one of these statements was false and that it was made in furtherance of the alleged scheme to defraud.

Furthermore, all twelve of you must agree that the same statement was false. It is not enough if some of you find that the government has proven one false statement while others of you find that the government has proven another false statement. If you do not all agree unanimously that the government has proven the same specific false statement beyond a reasonable doubt, you must return a verdict of not guilty for all defendants with respect to Count 2.[44]

---

[43] Third Superseding Indict. ¶ 78; Bill of Particulars ¶ I(A)(2)(a)–(c).

[44] *See United States v. Adkinson*, 135 F.3d 1363, 1377–78 (11th Cir. 1998) (reversing mail and

wire fraud convictions where the district court failed "to instruct the jury that they must unanimously agree on the acts constituting defendants' scheme").

**PROPOSED JURY INSTRUCTION NO. 26 (Count 2 – 18 U.S.C. § 1348 – First Element – Scheme – Falsity)**

The three alleged false statements at issue in Count 2 all involve the interpretation of the applicable reporting standards governing the reporting of past due loans. To prove that any statement was false, the government must prove beyond a reasonable doubt that the statement was not true under any reasonable interpretation of these reporting standards.

In other words, in order to establish that any of the three statements at issue in Count 2 was false, the government must prove beyond a reasonable doubt that, under the only reasonable interpretation of the applicable reporting standards, all loans that were matured for more than 90 days were "past due" and were required to be reported as "past due." If the government fails to satisfy this burden, then you must find the defendants not guilty on Count 2. It does not matter whether any defendant actually believed that the statement was true, so long as it was true under a reasonable interpretation of the applicable reporting standards.[45]

---

[45] *See United States v. Whiteside*, 285 F.3d 1345, 1351 (11th Cir. 2002); *United States v. Bryant*, 556 F. Supp. 2d 378, 444, 448 (D.N.J. 2008) (where a scheme to defraud was premised on false statements under a contract, "the Government has the burden of negating any reasonable interpretation of the [contract] that would make [the defendant's] conduct consistent with a reasonable exercise of his discretion under the [contract], rather than a 'scheme or artifice to defraud'" (citing *Whiteside*, 285 F.3d at 1351)); *id.* at 446 ("[T]o the extent that a fraudulent misrepresentation turns on the Government's interpretation of a legal standard, the government must negative any reasonable interpretation of the legal standard under which the alleged 'misrepresentation' is not false or misleading."); *United States v. D'Alessio*, 822 F. Supp. 1134, 1144 (D.N.J. 1993).

**PROPOSED JURY INSTRUCTION NO. 27 (Count 2 – 18 U.S.C. § 1348 – First Element – Materiality)**

*[]* The *alleged* false or fraudulent representation must relate to a material fact *[]*. A *[] fact is material if there is a substantial likelihood that a reasonable investor would have viewed the information as having significantly altered the total mix of information available.*

This means that if you find that a particular statement of fact was false, you must determine whether *[] there was a substantial likelihood that the* statement was one that a reasonable *[] investor would have viewed as having significantly altered the total mix of information available []* in making his or her decision. *[]*[46] *If the government fails to satisfy its burden of proving a fraudulent representation relating to a material fact, then you must find the defendants not guilty on Count 2.*

---

[46] 3d Cir. Model Crim. Jury Instr. § 6.18.1341-1 (Oct. 2016) (Mail, Wire, or Bank Fraud – "Scheme to Defraud or to Obtain Money or Property" Defined) (modifications in italics); *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 44 (2011) (stating that information is not material for purposes of Rule 10b-5 unless "a *reasonable* investor would have viewed the nondisclosed information 'as having *significantly* altered the total mix of information made available'" (quoting *Basic Inc. v. Levinson*, 485 U.S. 224, 232 (1988))).

**PROPOSED JURY INSTRUCTION NO. 28 (Count 2 – 18 U.S.C. § 1348 – Second Element – Knowledge, Willfulness, and Specific Intent To Defraud)**

The second element of Count 2 that the government must prove beyond a reasonable doubt is that the defendant you are considering acted knowingly, willfully, and with the specific intent to defraud.[47]

*[] To act "knowingly"* means that the government must prove beyond a reasonable doubt that *the defendant you are considering knew that the statement at issue was false and* was conscious and aware of the nature of his or her actions and of the surrounding facts and circumstances, as specified in the definition of the offenses charged. *[]* In deciding whether *the defendant* acted "knowingly," you may consider evidence about what *the defendant* said, what *the defendant* did and failed to do, how *the defendant* acted, and all the other facts and circumstances shown by the evidence that may prove what was in *the defendant*'s mind at that time.[48]

*[] To act "willfully"* means the government must prove beyond a reasonable doubt that *the defendant you are considering* knew his or her conduct was unlawful and intended to do something that the law forbids. That is, to find that *the defendant* acted "willfully," you must find that the evidence proved beyond a reasonable doubt that *the defendant* acted with a purpose to

---

[47] *See* Jury Instructions in *United States v. Slawson*, No. 1:14-CR-186-RWS, 2015 WL 5821244 (N.D. Ga. Aug. 17, 2015) (requiring that the defendant act "knowingly and willfully and with an intent to defraud"); Final Jury Instructions in *United States v. Shabudin*, No. CR 11- 664 JSW, 2015 WL 1456310 (N.D. Cal. Mar. 25, 2015) (defendant must participate "knowingly and willfully" and with "intent to defraud"); Jury Instructions in *United States v. Harris*, No. 09CR00406, 2011 WL 2652911 (N.D. Ga. May 31, 2011) (requiring that the defendants acted "knowingly and willfully and with an intent to defraud"); Jury Instructions in *United States v. Abdallah*, No. 09-CR-0717 (S-1)(JFB), 2011 WL 12854942 (E.D.N.Y. Feb. 25, 2011) (requiring the same, stating that "[t]he burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt"), *aff'd*, 528 F. App'x 79 (2d Cir. 2013).

[48] *See* 3d Cir. Model Crim. Jury Instr. § 5.02 (Apr. 2015) ("Knowingly") (modifications in italics).

disobey or disregard the law. "Willfully" does not, however, require proof that *the defendant* had

any evil motive or bad purpose other than the purpose to disobey or disregard the law.[49]

[] To act with an "intent to defraud" means to act knowingly and with the intention or the

purpose to deceive or to cheat. *It requires that the defendant intended to deprive another of*

*money or property through knowingly false statements.* In considering whether *a defendant* acted

with an intent to defraud, you may consider, among other things, whether *the defendant* acted

with a desire or purpose to bring about some gain or benefit to *himself or herself* or someone else

or with a desire or purpose to cause some loss to someone.[50]

If the applicable reporting standards concerning "past due" loans were vague, unclear, or

subject to more than one reasonable interpretation, or if a defendant believed that the applicable

reporting standards were vague, unclear, or subject to more than one reasonable interpretation,

that defendant cannot be found to have acted knowingly, willfully, and with the intent to defraud.

The government has the burden of proving beyond a reasonable doubt that the applicable

reporting standards were clear, that the defendant you are considering understood the applicable

reporting standards in question, and that the defendant acted willfully with the intent to defraud.[51]

---

[49] *See* 3d Cir. Model Crim. Jury Instr. § 5.05 (Apr. 2015) ("Willfully") (modifications in italics); *see also Ratzlaf v. United States*, 510 U.S. 135 (1994); *Cheek v. United States*, 498 U.S. 192 1991); *United States v. Starnes*, 583 F.3d 196, 211 (3d Cir. 2009); *United States v. Curran*, 20 F.3d 560, 570-71 (3d Cir. 1994).
[50] *See* 3d Cir. Model Crim. Jury Instr. § 6.18.1341-4 (Oct. 2016) (Mail or Wire Fraud – "Intent To Defraud" Defined) (modifications in italics).
[51] *See United States v. Whiteside*, 285 F.3d 1345, 1351 (11th Cir. 2002); *United States v. Bryant*, 556 F. Supp. 2d 378, 444, 448 (D.N.J. 2008) (where a scheme to defraud was premised on false statements under a contract, "the Government has the burden of negating any reasonable interpretation of the [contract] that would make [the defendant's] conduct consistent with a reasonable exercise of his discretion under the [contract], rather than a 'scheme or artifice to defraud'" (citing *Whiteside*, 285 F.3d at 1351)); *id.* at 446 ("[T]o the extent that a fraudulent misrepresentation turns on the Government's interpretation of a legal standard, the government must negative any reasonable interpretation of the legal standard under which the alleged 'misrepresentation' is not false or misleading."); *United States v. D'Alessio*, 822 F. Supp. 1134,

1144 (D.N.J. 1993). A defendant does not act "willfully" where the underlying law is ambiguous and could be reasonably interpreted to permit the conduct at issue. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007) (holding that a defendant does not "willfully" violate the Fair Credit Reporting Act unless its reading of the statute is "objectively unreasonable"); *Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314, 1318 (11th Cir. 2009) (following *Safeco*); *United States v. Heller*, 830 F.2d 150, 154 (11th Cir. 1987) ("'It is settled that when the law is vague or highly debatable, a defendant—actually or imputedly—lacks the requisite intent to violate it.'" (quoting *United States v. Critzer*, 498 F.2d 1160, 1162 (4th Cir. 1974)); *United States v. Garber*, 607 F.2d 92, 98–99 (5th Cir. 1979) (en banc) ("The government must demonstrate that the defendant willfully concealed and omitted from her return income which she knew was taxable. When the taxability of unreported income is problematical as a matter of law, the unresolved nature of the law is relevant to show that defendant may not have been aware of a tax liability or may have simply made an error in judgment."; further holding that the district court erred by "refusing to instruct the jury that a reasonable misconception of the tax law on [the defendant's] part would negate the necessary intent"); *United States v. Mallas*, 762 F.2d 361, 363 (4th Cir. 1985) ("Willful conduct . . . requires that the duty involved must be knowable.").

57

**PROPOSED JURY INSTRUCTION NO. 29 (Count 2 – Good Faith)**

The offense of *securities fraud* charged in *Count 2 of* the indictment require*s* proof that *a defendant* acted *"knowingly," "willfully," and with "intent to defraud."* If you find that *a defendant* acted in "good faith," that would be a complete defense to this charge, because good faith on the part of *the defendant* would be inconsistent with *his or her* acting *knowingly, willfully, and with the intent to defraud.*

A person acts in "good faith" when he or she has an honestly held belief, opinion, or understanding that *not all matured loans had to be reported as "past due"*, even though the belief, opinion, or understanding turns out to be inaccurate or incorrect. Thus, in this case if *the defendant you are considering* made an honest mistake or had an honest misunderstanding about *whether all loans that were matured had to be reported as "past due",* then *the defendant* did not act *knowingly, willfully, and with the intent to defraud.*

*The defendants do* not have the burden of proving "good faith." Good faith is a defense because it is inconsistent with the requirement of the offens*es* charged, that *the defendant* acted *knowingly, willfully, and with the intent to defraud*. As I have told you, it is the government's burden to prove beyond a reasonable doubt each element of the offense, including the mental state element. In deciding whether the government proved that *the defendant you are considering* acted *with the required intent* or, instead, whether *the defendant* acted in good faith, you should consider all of the evidence presented in the case that may bear on *the defendant's* state of mind. If you find from the evidence that *the defendant* acted in good faith, *[]* or if you find for any other reason that the government has not proved beyond a reasonable doubt that *the defendant* acted *knowingly, willfully, and with the intent to defraud*, you must find *the defendant* not guilty of *[]*

*Count 2.*[52]

---

[52] 3d Cir. Model Crim. Jury Instr. § 5.07 (Apr. 2015) ("Good Faith Defense") (modifications in italics) (optional language omitted).

**PROPOSED JURY INSTRUCTION NO. 30 (Count 2 – Knowledge, Willfulness, and Specific Intent To Defraud – Standards Unclear)**

If the law or the applicable reporting standards were vague, unclear, or subject to more than one interpretation, or if a defendant believed that the law or the applicable reporting standards were vague, unclear, or subject to more than one interpretation, a defendant cannot be found to have acted knowingly, willfully, and with a specific intent to defraud.

The government has the burden of proving beyond a reasonable doubt that the law and the applicable reporting standards were clear, that the defendant you are considering understood the law and the applicable reporting standards in question, and that the defendant acted willfully with the intent to defraud. If the government fails to satisfy this burden of proof, you must enter a verdict of not guilty on Count 2 for the defendant you are considering.[53]

---

[53] *United States v. Whiteside*, 285 F.3d 1345, 1351 (11th Cir. 2002); *United States v. Pirro*, 212 F.3d 86, 90–91 (2d Cir. 2000); *Siddiqi v. United States*, 98 F.3d 1427, 1439 (2d Cir. 1996); *United States v. Migliaccio*, 34 F.3d 1517, 1525 (10th Cir. 1994); *United States v. Levin*, 973 F.2d 463 (6th Cir. 1992); *United States v. Harris*, 942 F.2d 1125, 1131 (7th Cir. 1991); *United States v. Gahagan*, 881 F.2d 1380, 1384 (6th Cir. 1989); *United States v. Matthews*, 787 F.2d 38, 49 (2d Cir. 1986); *United States v. Mallas*, 762 F.2d 361, 363 (4th Cir. 1985); *United States v. Dahlstrom*, 713 F.2d 1423, 1428 (9th Cir. 1983); *United States v. Race*, 632 F.2d 1114, 1120 (4th Cir. 1980); *United States v. Anderson*, 579 F.2d 455, 460 (8th Cir. 1978); *United States v. Critzer*, 498 F.2d 1160, 1162 (4th Cir. 1974); *Funke v. Life Fin. Corp.*, 237 F. Supp. 2d 458, 468–69 (S.D.N.Y. 2002); *United States v. Crop Growers Corp.*, 954 F. Supp. 335, 347 (D.D.C. 1997); *United States v. D'Alessio*, 822 F. Supp. 1134, 1144 (D.N.J. 1993).

**PROPOSED JURY INSTRUCTION NO. 31 (Count 2 – 18 U.S.C. § 1348 – Third Element – In Connection with Purchase or Sale of Securities)**

The third element of Count 2 that the government must prove beyond a reasonable doubt is that Wilmington Trust Corporation is an issuer of a class of securities registered under Section 12 of the Securities Exchange Act of 1934 (15 U.S.C. § 78*l*) or that it is required to file reports under Section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. § 78*o*(d)).[54] If the government fails to satisfy its burden of proof on this element, you must enter a verdict of not guilty on Count 2 for all defendants.

---

[54] 18 U.S.C. § 1348.

**PROPOSED JURY INSTRUCTION NO. 32 (Counts 4, 6 – 15 U.S.C. §§ 78m(a), 78ff; 17 C.F.R. §§ 240.13a-1, 240.13a-13)**

Counts 4 and 6 of the indictment charge one or more of the defendants with knowingly and willfully making or causing the making of a false statement of material fact in a report to be filed with the Securities and Exchange Commission ("SEC").[55] Counts 4 and 6 allege that Mr. Gibson, Mr. Harra, Mr. North, and Ms. Rakowski committed the alleged offense.

You must consider each count and each defendant individually. As to each count and each defendant you are considering, the government must prove each of the following elements beyond a reasonable doubt:

(1)    the SEC report at issue in the count you are considering contained a false statement of fact;

(2)    the statement was material;

(3)    the defendant you are considering made or caused the statement to be made; and

(4)    the defendant you are considering acted knowingly and willfully, and with the intent to defraud.[56]

You must be convinced that the government has proven all of these elements beyond a reasonable doubt in order to find the defendant you are considering guilty of the count at issue. If you find that the government has failed to prove any of these elements beyond a reasonable doubt with respect to the defendant you are considering on any count, you must return a verdict of not guilty with respect to the defendant on that count.

---

[55] Third Superseding Indict. ¶¶ 78, 80, 84.

[56] 15 U.S.C. §§ 78m(a), 78ff; 17 C.F.R. §§ 240.13a-1, 240.13a-13; *see also* 2 Sand ¶ 36.01[3], Instr. 36-9 cmt. (explaining that combining elements in a Section 1001 false statement instruction "is not recommended because combining the elements will tend to confuse the issue for the jury").

**PROPOSED JURY INSTRUCTION NO. 33 (Counts 4, 6 – First Element – False Statement of Fact)**

The first element that the government must prove beyond a reasonable doubt in Counts 4 and 6 is that the SEC report in the count you are considering contained a false statement of fact.

Whether a statement was false must be determined at the time it was made. I will now instruct you on the alleged false statements of fact that you must consider for each count.

**PROPOSED JURY INSTRUCTION NO. 35 (Alleged False Statements of Fact in Count 4)**

The only statements that you may consider with respect to Count 4 are the following

statements on the SEC Form 10-K for 2009 submitted by Wilmington Trust Corporation [Exhibit

No. X].

The government contends that the following statements on page 55 of the SEC Form 10-

K for 2009 were false:

(1)     the table listing the amounts of particular categories of loans past due 90
        days or more;

(2)     the ratio of loans past due 90 days to total loans outstanding; and

(3)     the discussion of "Accruing Loans Past Due 90 Days or More."

The three statements identified above on the Wilmington Trust Corporation SEC Form

10-K for 2009 are the only statements that you may consider with respect to Count 4.[57]

---

[57] Third Superseding Indict. ¶ 80; Bill of Particulars ¶ I(A)(2)(a)–(c).

**PROPOSED JURY INSTRUCTION NO. 36 (Alleged False Statements of Fact in Count 6)**

The only statements that you may consider with respect to Count 6 are the following

statements on the SEC Form 10-Q for the First Quarter of 2010 submitted by Wilmington Trust

Corporation [Exhibit No. X].

The government contends that the following statements on page 88 of the SEC Form 10-

Q for the First Quarter of 2010 were false:

(1)     the table listing the amounts of particular categories of loans past due 90
        days or more;

(2)     the past-due loan ratio; and

(3)     the discussion of "Accruing loans past due 90 days or more."

These three statements are the only statements you may consider with respect to Count

6.[58]

_____

[58] *See* Bill of Particulars ¶ I(A)(3).

**PROPOSED JURY INSTRUCTION NO. 37 (Counts  4, 6 – First Element – Falsity)**

The government contends that the statements in Counts  4 and 6 were false because all loans that were matured for more than 90 days were "past due" and were required to be reported as past due.

In order to establish that any of the statements in Counts  4 or 6 were false, the government must prove beyond a reasonable doubt that, under the only reasonable interpretation of the applicable reporting standards, all loans that were matured for more than 90 days were required to be reported as "past due." If the government fails to satisfy this burden, then you must find the defendants not guilty on Counts 4 and 6.

**PROPOSED JURY INSTRUCTION NO. 38 (Counts  4, 6 – First Element – Unanimity)**

Counts  4 and 6, of the indictment each allege a number of false statements.  The government is not required to prove that all of the statements that are alleged as false in each count are, in fact, false. However, the government must prove beyond a reasonable doubt that at least one of the specific statements in each count was false.

With respect to each count, all twelve of you must agree beyond a reasonable doubt that the same statement was false. It is not enough to convict if some of you find that the government has proven one false statement charged in a count while others of you find that the government has proven another false statement charged in that count. If you do not all agree unanimously that the government has proven the same specific false statement beyond a reasonable doubt with respect to the court you are considering, you must return a verdict of not guilty on that count.[59]

---

[59] *See, e.g.*, 2A O'Malley, § 40:15 (false statements under § 1001) (modifications not italicized); 1A O'Malley, § 13:07 (modifications not italicized); 1 Sand ¶ 9.07, Instr. 9-7 (modifications not italicized); *United States v. Crisci*, 273 F.3d 235, 239 (2d Cir. 2001) (per curiam); *United States v. Stern*, No. 03 CR. 81, 2003 WL 22743897, at *2 (S.D.N.Y. Nov. 20, 2003) ("An indictment may charge more than one false statement in the same count, so long as the jury is instructed that it must agree unanimously both that the defendant made at least one of the charged false statements, and which statement that was.").

**PROPOSED JURY INSTRUCTION NO. 39 (Counts 4, 6 – Second Element –Materiality)**

*With respect to Counts 4 and 6, if you find unanimously that the government has proven* beyond a reasonable doubt that the SEC report in the count you are considering contained a *false statement of fact, you must determine the second element of the offense, whether the fact was "material" under the evidence received in this case.* The second element the government must prove beyond a reasonable doubt is that the defendant's statement or representation was material.

A fact is material if it was capable of influencing the government's decisions or activities. However, proof of actual reliance on the statement by the government is not required. *If the government fails to satisfy its burden of proof on this element, you must enter a verdict of not guilty on the count you are considering.*[60]

---

[60] 2 Sand ¶ 36.01[3], Instr. 36-11 (modifications in italics).

**PROPOSED JURY INSTRUCTION NO. 40 (Counts  4, 6 – Third Element – Made or Caused)**

The third element of Counts  4 and 6 that the government must prove beyond a reasonable doubt is that the defendant you are considering made or caused the alleged false statement to be made.

A defendant cannot be held responsible for any false statement in the SEC report that he or she did not make or cause to be made. If the government proves beyond a reasonable doubt that the SEC report in the count you are considering contained a materially false statement, but the government fails to prove beyond a reasonable doubt that the defendant you are considering made that statement or caused that statement to be made in the SEC report, you must find that defendant not guilty on that count.[61]

---

[61] *See* 15 U.S.C. § 78ff(a).

70

**PROPOSED JURY INSTRUCTION NO. 41 (Counts 4, 6 – Fourth Element –Knowledge, Willfulness, and Intent To Defraud)**

The fourth element that the government must prove beyond a reasonable doubt with respect to Counts 4 and 6 is that the defendant you are considering acted knowingly and willfully, and with the intent to defraud.

*[] To act "knowingly"* means that the government must prove beyond a reasonable doubt that *the defendant you are considering knew that the statement at issue was false and* was conscious and aware of the nature of his or her actions and of the surrounding facts and circumstances, as specified in the definition of the offenses charged. *[]* In deciding whether *the defendant* acted "knowingly," you may consider evidence about what *the defendant* said, what *the defendant* did and failed to do, how *the defendant* acted, and all the other facts and circumstances shown by the evidence that may prove what was in *the defendant*'s mind at that time.[62]

*[] To act "willfully"* means the government must prove beyond a reasonable doubt that *the defendant you are considering* knew his or her conduct was unlawful and intended to do something that the law forbids. That is, to find that *the defendant* acted "willfully," you must find that the evidence proved beyond a reasonable doubt that *the defendant* acted with a purpose to disobey or disregard the law. "Willfully" does not, however, require proof that *the defendant* had any evil motive or bad purpose other than the purpose to disobey or disregard the law.[63]

*[]* To act with an "intent to defraud" means to act knowingly and with the intention or the

---

[62] *See* 3d Cir. Model Crim. Jury Instr. § 5.02 (Apr. 2015) ("Knowingly") (modifications in italics).

[63] *See* 3d Cir. Model Crim. Jury Instr. § 5.05 (Apr. 2015) ("Willfully") (modifications in italics); *see also Ratzlaf v. United States*, 510 U.S. 135 (1994); *Cheek v. United States*, 498 U.S. 192 (1991); *United States v. Starnes*, 583 F.3d 196, 211 (3d Cir. 2009); *United States v. Curran*, 20 F.3d 560, 570-71 (3d Cir. 1994).

71

purpose to deceive or to cheat. *It requires that the defendant intended to deprive another of money or property through knowingly false statements.* In considering whether *a defendant* acted with an intent to defraud, you may consider, among other things, whether *the defendant* acted with a desire or purpose to bring about some gain or benefit to *himself or herself* or someone else or with a desire or purpose to cause some loss to someone.[64]

If the applicable reporting standards were vague, unclear, or subject to more than one reasonable interpretation, or if a defendant believed that the applicable reporting standards were vague, unclear, or subject to more than one reasonable interpretation, a defendant cannot be found to have acted knowingly, willfully, and with the intent to defraud. The government has the burden of proving beyond a reasonable doubt that the applicable reporting standards were clear, that the defendant you are considering understood the applicable reporting standards in question, and that the defendant acted willfully with the intent to defraud.[65]

---

[64] *See* 3d Cir. Model Crim. Jury Instr. § 6.18.1341-4 (Oct. 2016) (Mail or Wire Fraud – "Intent To Defraud" Defined) (modifications in italics).

[65] *See United States v. Whiteside*, 285 F.3d 1345, 1351 (11th Cir. 2002); *United States v. Bryant*, 556 F. Supp. 2d 378, 444, 448 (D.N.J. 2008) (where a scheme to defraud was premised on false statements under a contract, "the Government has the burden of negating any reasonable interpretation of the [contract] that would make [the defendant's] conduct consistent with a reasonable exercise of his discretion under the [contract], rather than a 'scheme or artifice to defraud'" (citing *Whiteside*, 285 F.3d at 1351)); *id.* at 446 ("[T]o the extent that a fraudulent misrepresentation turns on the Government's interpretation of a legal standard, the government must negative any reasonable interpretation of the legal standard under which the alleged 'misrepresentation' is not false or misleading."); *United States v. D'Alessio*, 822 F. Supp. 1134, 1144 (D.N.J. 1993).

72

**PROPOSED JURY INSTRUCTION NO. 42 (Counts  4, 6 – Good Faith)**

The offense of *making or causing a false statement of material fact in a report to be filed with the SEC* charged in the indictment require*s* proof that *a defendant* acted *"knowingly," "willfully," and with "intent to defraud."* If you find that *a defendant* acted in "good faith," that would be a complete defense to this charge, because good faith on the part of *the defendant* would be inconsistent with *his or her* acting *knowingly, willfully, and with the intent to defraud.*

A person acts in "good faith" when he or she has an honestly held belief, opinion, or understanding that *not all matured loans had to be reported as "past due"* , even though the belief, opinion, or understanding turns out to be inaccurate or incorrect. Thus, in this case if *the defendant you are considering* made an honest mistake or had an honest misunderstanding about *whether all loans that were matured for more than 90 days had to be reported as "past due",* then *the defendant* did not act *knowingly, willfully, and with the intent to defraud*.

*The defendants do* not have the burden of proving "good faith." Good faith is a defense because it is inconsistent with the requirement of the offense*s* charged, that *the defendant* acted *knowingly, willfully, and with the intent to defraud*. As I have told you, it is the government's burden to prove beyond a reasonable doubt each element of the offense, including the mental state element. In deciding whether the government proved that *the defendant you are considering* acted *with the required intent* or, instead, whether *the defendant* acted in good faith, you should consider all of the evidence presented in the case that may bear on *the defendant's* state of mind. If you find from the evidence that *the defendant* acted in good faith, *[]* or if you find for any other reason that the government has not proved beyond a reasonable doubt that *the defendant* acted *knowingly, willfully, and with the intent to defraud*, you must find *the defendant* not guilty of *[]*

*the count you are considering.*[66]

---

[66] 3d Cir. Model Crim. Jury Instr. § 5.07 (Apr. 2015) ("Good Faith Defense") (modifications in italics) (optional language omitted).

**PROPOSED JURY INSTRUCTION NO. 43 (Counts 4, 6 – Knowledge, Willfulness, and Specific Intent To Defraud – Standards Unclear)**

If the law or the applicable reporting standards were vague, unclear, or subject to more than one interpretation, or if a defendant believed that the law or the applicable reporting standards were vague, unclear, or subject to more than one interpretation, a defendant cannot be found to have acted knowingly, willfully, and with a specific intent to defraud.

The government has the burden of proving beyond a reasonable doubt that the law and the applicable reporting standards were clear, that the defendant you are considering understood the law and the applicable reporting standards in question, and that the defendant acted willfully with the intent to defraud. If the government fails to satisfy this burden of proof, you must enter a verdict of not guilty for the defendant you are considering on the count you are considering.[67]

---

[67] *United States v. Whiteside*, 285 F.3d 1345, 1351 (11th Cir. 2002); *United States v. Pirro*, 212 F.3d 86, 90–91 (2d Cir. 2000); *Siddiqi v. United States*, 98 F.3d 1427, 1439 (2d Cir. 1996); *United States v. Migliaccio*, 34 F.3d 1517, 1525 (10th Cir. 1994); *United States v. Levin*, 973 F.2d 463 (6th Cir. 1992); *United States v. Harris*, 942 F.2d 1125, 1131 (7th Cir. 1991); *United States v. Gahagan*, 881 F.2d 1380, 1384 (6th Cir. 1989); *United States v. Matthews*, 787 F.2d 38, 49 (2d Cir. 1986); *United States v. Mallas*, 762 F.2d 361, 363 (4th Cir. 1985); *United States v. Dahlstrom*, 713 F.2d 1423, 1428 (9th Cir. 1983); *United States v. Race*, 632 F.2d 1114, 1120 (4th Cir. 1980); *United States v. Anderson*, 579 F.2d 455, 460 (8th Cir. 1978); *United States v. Critzer*, 498 F.2d 1160, 1162 (4th Cir. 1974); *Funke v. Life Fin. Corp.*, 237 F. Supp. 2d 458, 468–69 (S.D.N.Y. 2002); *United States v. Crop Growers Corp.*, 954 F. Supp. 335, 347 (D.D.C. 1997); *United States v. D'Alessio*, 822 F. Supp. 1134, 1144 (D.N.J. 1993).

75

**PROPOSED JURY INSTRUCTION NO. 44 (Counts 5, 11-16 – 18 U.S.C. § 1001)**

Count 5 of the indictment alleges that Mr. Gibson, Mr. Harra, Mr. North, and Ms. Rakowski knowingly and willfully made false statements to the Securities and Exchange Commission.[68] Counts 11–16 of the indictment allege that Mr. Gibson, Mr. Harra, Mr. North, and Ms. Rakowski knowingly and willfully made false statements to the Federal Reserve and the Securities and Exchange Commission.

As to each defendant and count you are considering, in order to prove the defendant guilty of the crime charged, the government must establish beyond a reasonable doubt:

First, that the report at issue contained a false, fictitious, or fraudulent statement of fact;

Second, that this statement was material;

Third, that the defendant made the statement;

Fourth, that the defendant you are considering acted knowingly and willfully; and

Fifth, that the statement was made in a matter within the jurisdiction of the government of the United States.

Unless the government proves each element beyond a reasonable doubt, you must find the defendant you are considering not guilty on the count you are considering.[69]

---

[68] Third Superseding Indict. ¶¶ 82, 88.

[69] *See, e.g.*, 2 Sand ¶ 36.01[3], Instr. 36-9 (modifications not italicized); *United States v. Castro*, 704 F.3d 125, 139 (3d Cir. 2013) (citing *United States v. Moyer*, 674 F.3d 192, 213 (3d Cir. 2012)).

**PROPOSED JURY INSTRUCTION NO. 45 (Counts 5, 11-16 – False Statements – First Element – False, Fictitious, or Fraudulent)**

*With respect to Counts 5 and 11–16, [*t]he *first []* element that the government must prove beyond a reasonable doubt is that the statement or representation *in the count you are considering* was false, fictitious or fraudulent.

A statement or representation is "false" or "fictitious" if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made. A statement *[]* is "fraudulent" if it was *known to be* untrue when made and was made *[]* with the intent to deceive the government agency to which it was submitted.[70]

The false statements at issue in this case involve the interpretation of the applicable reporting standards governing the reporting of "past due" loans. To prove that a statement was untrue under the reporting standards, the government must prove beyond a reasonable doubt that the standard applied and that the statement of "past due" loans was not true under any reasonable

---

[70] 2 Sand ¶ 36.01[3], Instr. 36-12 (modifications in italics) (optional language omitted); 2 Sand ¶ 36.01[3], Instr. 36-12 cmt. (discussing optional language for ambiguous questions); *United States v. Castro*, 704 F.3d 125, 139 (3d Cir. 2013) ("[T]o properly convict Castro of violating § 1001, the government must be able to show that he made a statement to government agents that was untrue, and the government cannot satisfy that burden by showing that the defendant intended to deceive, if in fact he told the literal truth."); *United States v. Whiteside*, 285 F.3d 1345, 1351 (11th Cir. 2002) ("In a case where the truth or falsity of a statement centers on an interpretive question of law, the government bears the burden of proving beyond a reasonable doubt that the defendant's statement is not true under a reasonable interpretation of the law."); *United States v. Bryant*, 556 F. Supp. 2d 378, 444, 448 (D.N.J. 2008) (where a scheme to defraud was premised on false statements under a contract, "the Government has the burden of negating any reasonable interpretation of the [contract] that would make [the defendant's] conduct consistent with a reasonable exercise of his discretion under the [contract], rather than a 'scheme or artifice to defraud'" (citing *Whiteside*, 285 F.3d at 1351)); *id.* at 446 ("[T]o the extent that a fraudulent misrepresentation turns on the Government's interpretation of a legal standard, the government must negative any reasonable interpretation of the legal standard under which the alleged 'misrepresentation' is not false or misleading."); *United States v. D'Alessio*, 822 F. Supp. 1134, 1144 (D.N.J. 1993).

interpretation of the applicable reporting standards.[71] It does not matter whether any defendant actually believed that the statement was true, so long as it was true under a reasonable interpretation of the applicable reporting standards. If the government fails to satisfy this burden, then you must find the defendants not guilty on the count you are considering.

---

[71] *United States v. Lake*, 472 F.3d 1247, 1258–60 (10th Cir. 2007) (holding that in order to find that SEC reports contained false statements relating to personal use of aircraft, the government needed to prove what was required with respect to disclosure of the use of the aircraft under SEC regulations).

**PROPOSED JURY INSTRUCTION NO. 46 (Counts 5, 11-16 – Falsity)**

In order to establish that any of the statements in Counts 5 and 11–16 were false, the government must prove beyond a reasonable doubt that, under the only reasonable interpretation of the applicable reporting standards, all loans that were matured for more than 90 days were required to be reported as "past due." If the government fails to satisfy this burden, then you must find the defendants not guilty on Counts 5 and 11–16.

**PROPOSED JURY INSTRUCTION NO. 47 (Counts 5, 11-16 – False Statements – Unanimity Required)**

Counts 5 and 11–16 of the indictment each allege a number of false statements. The government is not required to prove that all of the statements that are alleged in a particular count as false are, in fact, false. However, the government must prove beyond a reasonable doubt that at least one of the specific statements in each count was false.

With respect to each count, all twelve of you must agree beyond a reasonable doubt that the same statement was false. It is not enough to convict if some of you find that the government has proven one false statement charged in a count while others of you find that the government has proven another false statement charged in that count. If you do not all agree unanimously that the government has proven the same specific false statement beyond a reasonable doubt with respect to the court you are considering, you must return a verdict of not guilty on that count.[72]

---

[72] *See, e.g.*, 2A O'Malley, § 40:15 (false statements under § 1001); 1A O'Malley, § 13:07; 1 Sand, ¶ 9.07, Instr. 9-7; *United States v. Crisci*, 273 F.3d 235, 239 (2d Cir. 2001) (per curiam); *United States v. Stern*, No. 03 CR. 81, 2003 WL 22743897, at *2 (S.D.N.Y. Nov. 20, 2003) ("An indictment may charge more than one false statement in the same count, so long as the jury is instructed that it must agree unanimously both that the defendant made at least one of the charged false statements, and which statement that was.").

**PROPOSED JURY INSTRUCTION NO. 48 (Counts 5, 11-16 – First Element – Allegedly False Statements)**

I will now instruct you on the only statements you may consider with respect to Counts 5 and 11–16.

**PROPOSED JURY INSTRUCTION NO. 49 (Alleged False Statements in Count 5)**

The only statements that you may consider with respect to Count 5 are the following

statements on the SEC Form 10-K for 2009 submitted by Wilmington Trust Corporation [Exhibit

No. X].

The government contends that the following statements on page 55 of the SEC Form 10-

K for 2009 were false:

(1)     the table listing the amounts of particular categories of loans past due 90
        days or more;

(2)     the ratio of loans past due 90 days to total loans outstanding; and

(3)     the discussion of "Accruing Loans Past Due 90 Days or More."

The three statements identified above on the Wilmington Trust Corporation SEC Form

10-K for 2009 are the only statements that you may consider with respect to Count 5.[73]

_____

[73] Third Superseding Indict. ¶ 82; Bill of Particulars ¶ I(A)(2)(a)–(c).

**PROPOSED JURY INSTRUCTION NO. 50 (Alleged False Statements in Count 11)**

The only statements you may consider with respect to Count 11 are the following

statements on the Third Quarter 2009 Call Report [Exhibit No. X].

The government contends that the past due amounts in Line Items 1, 3, 4, and 6 on page

38 of the Call Report are false.[74]

---

[74] *See* Bill of Particulars ¶ I(A)(4).

**PROPOSED JURY INSTRUCTION NO. 51 (Alleged False Statements in Count 12)**

The only statements you may consider with respect to Count 12 are the following statements on the Fourth Quarter 2009 Call Report [Exhibit No. X].

The government contends that the past due loan amounts in Line Items 1, 4, and 6 on page 38 are false.[75]

---

[75] *See* Bill of Particulars ¶ I(A)(5).

84

**PROPOSED JURY INSTRUCTION NO. 52 (Alleged False Statements in Count 13)**

The only statements you may consider with respect to Count 13 are the following

statements on the First Quarter 2010 Call Report [Exhibit No. X].

The government contends that the past due loan amounts in Line Items 1, 4, and 6 on

page 41 are false.[76]

---

[76] *See* Bill of Particulars ¶ I(A)(6).

**PROPOSED JURY INSTRUCTION NO. 53 (Alleged False Statements in Count 14)**

The only statements you may consider with respect to Count 14 are the following

statements on the SEC Form 10-Q for the Third Quarter of 2009 submitted by Wilmington Trust

Corporation [Exhibit No. X].

The government contends that the following statements on page 145 of the SEC Form 10-

Q for the Third Quarter of 2009 were false:

      (1)    the table listing the amounts of particular categories of loans past due 90 days or more;

      (2)    the past due loan ratio; and

      (3)    the discussion of "Loans past due 90 days or more."[77]

---

[77] Third Superseding Indict. ¶ 88; Bill of Particulars ¶ I(A)(1).

**PROPOSED JURY INSTRUCTION NO. 54 (Alleged False Statements in Count 15)**

The only statements that you may consider with respect to Count 15 are the following

statements on the SEC Form 10-Q for the First Quarter of 2010 submitted by Wilmington Trust

Corporation [Exhibit No. X].

The government contends that the following statements on page 88 of the SEC Form 10-

Q for the First Quarter of 2010 were false:

(1)     the table listing the amounts of particular categories of loans past due 90 days or
        more;

(2)     the past-due loan ratio; and

(3)     the discussion of "Accruing loans past due 90 days or more."[78]

---

[78] Third Superseding Indict. ¶ 88; Bill of Particulars ¶ I(A)(3).

**PROPOSED JURY INSTRUCTION NO. 55 (Alleged False Statements in Count 16)**

The only statements you may consider with respect to Count 16 are the following

statements in the Monthly Regulatory Report for October 2009 [Exhibit No. X].

The government contends that the 90 days or more past due loan information is false.[79]

---

[79] Third Superseding Indict. ¶ 88; Bill of Particulars ¶ I(A)(7).

**PROPOSED JURY INSTRUCTION NO. 56 (Counts 5, 11-16 – False Statements – Second Element – Materiality)**

*With respect to Counts 5 and 11–16, if you find unanimously that the government has proven beyond a reasonable doubt that a false statement was made to regulators, you must determine the second element of the offense.* The second element the government must prove beyond a reasonable doubt is that the *[]* statement *[]* was material.

A *statement of* fact is material if it was capable of influencing the government's decisions or activities. However, proof of actual reliance on the statement by the government is not required. *If the government fails to satisfy its burden of proof on this element, you must enter a verdict of not guilty on the count you are considering.*[80]

---

[80] 2 Sand ¶ 36.01[3], Instr. 36-11 (modifications in italics).

**PROPOSED JURY INSTRUCTION NO. 57 (Counts 5, 11-16 – False Statements – Third Element – Made a Statement)**

The third element of Counts 5 and 11–16 that the government must prove beyond a reasonable doubt is that the defendant you are considering made the materially false statement.

A defendant cannot be held responsible for any false statement in the SEC report that he or she did not make. If the government proves beyond a reasonable doubt that the report in the count you are considering contained a materially false statement, but the government fails to prove beyond a reasonable doubt that the defendant you are considering made that statement, you must find that defendant not guilty.[81]

---

[81] *See* 18 U.S.C. § 1001; *United States v. Castro*, 704 F.3d 125, 139 (3d Cir. 2013) (quoting *United States v. Moyer*, 674 F.3d 192, 213 (3d Cir. 2012)).

**PROPOSED JURY INSTRUCTION NO. 58 (Counts 5, 11-16 – False Statements – Fourth Element – Knowing and Willful Conduct)**

The fourth element *of Counts 5 and 11–16* which the government must prove beyond a reasonable doubt is that the defendant *you are considering* acted knowingly and willfully. *[]*[82]

*[] To act "knowingly"* means that the government must prove beyond a reasonable doubt that *the defendant you are considering knew that the statement at issue was false and* was conscious and aware of the nature of his or her actions and of the surrounding facts and circumstances, as specified in the definition of the offenses charged. *[]* In deciding whether *the defendant* acted "knowingly," you may consider evidence about what *the defendant* said, what *the defendant* did and failed to do, how *the defendant* acted, and all the other facts and circumstances shown by the evidence that may prove what was in *the defendant*'s mind at that time.[83]

*[] To act "willfully"* means the government must prove beyond a reasonable doubt that *the defendant you are considering* knew his or her conduct was unlawful and intended to do something that the law forbids. That is, to find that *the defendant* acted "willfully," you must find that the evidence proved beyond a reasonable doubt that *the defendant* acted with a purpose to disobey or disregard the law. "Willfully" does not, however, require proof that *the defendant* had any evil motive or bad purpose other than the purpose to disobey or disregard the law.[84]

---

[82] 2 Sand ¶ 36.01[3], Instr. 36-13 (modifications in italics); *see also United States v. Starnes*, 583 F.3d 196, 210 (3d Cir. 2009) ("[W]hen 'willfully' is used in a criminal statute, and particularly where the term is used in conjunction with 'knowingly,' as it is in § 1001(a), it usually requires the government to prove that the defendant acted 'not merely "voluntarily," but with a "bad purpose,"' that is, with knowledge that his conduct was, in some general sense, 'unlawful.'" (citations omitted)).

[83] *See* 3d Cir. Model Crim. Jury Instr. § 5.02 (Apr. 2015) ("Knowingly") (modifications in italics).

[84] *See* 3d Cir. Model Crim. Jury Instr. § 5.05 (Apr. 2015) ("Willfully") (modifications in italics); *see also Ratzlaf v. United States*, 510 U.S. 135 (1994); *Cheek v. United States*, 498 U.S. 192

If the applicable reporting standards were vague, unclear, or subject to more than one reasonable interpretation, or if a defendant believed that the applicable reporting standards were vague, unclear, or subject to more than one reasonable interpretation, a defendant cannot be found to have acted knowingly and willfully. The government has the burden of proving beyond a reasonable doubt that the applicable reporting standards were clear, that the defendant you are considering understood the applicable reporting standards in question, and that the defendant acted willfully with the intent to defraud.[85]

---

(1991); *United States v. Starnes*, 583 F.3d 196, 211 (3d Cir. 2009); *United States v. Curran*, 20 F.3d 560, 570-71 (3d Cir. 1994).

[85] *See United States v. Whiteside*, 285 F.3d 1345, 1351 (11th Cir. 2002); *United States v. Bryant*, 556 F. Supp. 2d 378, 444, 448 (D.N.J. 2008) (where a scheme to defraud was premised on false statements under a contract, "the Government has the burden of negating any reasonable interpretation of the [contract] that would make [the defendant's] conduct consistent with a reasonable exercise of his discretion under the [contract], rather than a 'scheme or artifice to defraud'" (citing *Whiteside*, 285 F.3d at 1351)); *id.* at 446 ("[T]o the extent that a fraudulent misrepresentation turns on the Government's interpretation of a legal standard, the government must negative any reasonable interpretation of the legal standard under which the alleged 'misrepresentation' is not false or misleading."); *United States v. D'Alessio*, 822 F. Supp. 1134, 1144 (D.N.J. 1993).

**PROPOSED JURY INSTRUCTION NO. 59 (Counts 5, 11-16 – Good Faith)**

The offense *of making false statements to federal regulators* charged in the indictment

requires proof that *a defendant* acted *"knowingly" and "willfully."* If you find that *a defendant*

acted in "good faith," that would be a complete defense to this charge, because good faith on the

part of *the defendant* would be inconsistent with *his or her* acting *knowingly and willfully.*

A person acts in "good faith" when he or she has an honestly held belief, opinion, or

understanding that *not all matured loans had to be reported as "past due"*, even though the

belief, opinion, or understanding turns out to be inaccurate or incorrect. Thus, in this case if *the*

*defendant you are considering* made an honest mistake or had an honest misunderstanding about

*whether all loans that were matured had to be reported as "past due",* then *the defendant* did not

act *knowingly and willfully.*

*The defendants do* not have the burden of proving "good faith." Good faith is a defense

because it is inconsistent with the requirement of the offense*s* charged, that *the defendant* acted

*knowingly and willfully*. As I have told you, it is the government's burden to prove beyond a

reasonable doubt each element of the offense, including the mental state element. In deciding

whether the government proved that *the defendant you are considering* acted *with the required*

*intent* or, instead, whether *the defendant* acted in good faith, you should consider all of the

evidence presented in the case that may bear on *the defendant's* state of mind. If you find from

the evidence that *the defendant* acted in good faith, *[]* or if you find for any other reason that the

government has not proved beyond a reasonable doubt that *the defendant* acted *knowingly and*

*willfully,* you must find *the defendant* not guilty of *the count you are considering*.[86]

---

[86] 3d Cir. Model Crim. Jury Instr. § 5.07 (Apr. 2015) ("Good Faith Defense") (modifications in
italics) (optional language omitted).

**PROPOSED JURY INSTRUCTION NO. 60 (Counts 5, 11-16 – Knowingly and Willfully – Standards Unclear)**

If the law or the applicable reporting standards were vague, unclear, or subject to more than one interpretation, or if a defendant believed that the law or the applicable reporting standards were vague, unclear, or subject to more than one interpretation, a defendant cannot be found to have acted knowingly and willfully.

The government has the burden of proving beyond a reasonable doubt that the law and the applicable reporting standards were clear, that the defendant you are considering understood the law and the applicable reporting standards in question, and that the defendant acted willfully with the intent to defraud. If the government fails to satisfy this burden of proof, you must enter a verdict of not guilty for the defendant you are considering on the count you are considering.[87]

---

[87] *United States v. Whiteside*, 285 F.3d 1345, 1351 (11th Cir. 2002); *United States v. Pirro*, 212 F.3d 86, 90–91 (2d Cir. 2000); *Siddiqi v. United States*, 98 F.3d 1427, 1439 (2d Cir. 1996); *United States v. Migliaccio*, 34 F.3d 1517, 1525 (10th Cir. 1994); *United States v. Levin*, 973 F.2d 463 (6th Cir. 1992); *United States v. Harris*, 942 F.2d 1125, 1131 (7th Cir. 1991); *United States v. Gahagan*, 881 F.2d 1380, 1384 (6th Cir. 1989); *United States v. Matthews*, 787 F.2d 38, 49 (2d Cir. 1986); *United States v. Mallas*, 762 F.2d 361, 363 (4th Cir. 1985); *United States v. Dahlstrom*, 713 F.2d 1423, 1428 (9th Cir. 1983); *United States v. Race*, 632 F.2d 1114, 1120 (4th Cir. 1980); *United States v. Anderson*, 579 F.2d 455, 460 (8th Cir. 1978); *United States v. Critzer*, 498 F.2d 1160, 1162 (4th Cir. 1974); *Funke v. Life Fin. Corp.*, 237 F. Supp. 2d 458, 468–69 (S.D.N.Y. 2002); *United States v. Crop Growers Corp.*, 954 F. Supp. 335, 347 (D.D.C. 1997); *United States v. D'Alessio*, 822 F. Supp. 1134, 1144 (D.N.J. 1993).

**PROPOSED JURY INSTRUCTION NO. 61 (Counts 5, 11-16 – False Statements – Fifth Element – In a Matter Within the Jurisdiction of the United States)**

As I have told you, the fifth element with respect to *Counts 5 and 11–16 []* is that the statement *[] was* made with regard to a matter within the jurisdiction of the government of the United States. I charge you that the *Securities and Exchange Commission and the Federal Reserve Board are []* department*s* of the United States government.

There is no requirement that the statement be actually directed to or given to *the Securities and Exchange Commission or the Federal Reserve Board*. All that is necessary is that you find that it was contemplated that the document was to be utilized in a matter which was within the jurisdiction of the government of the United States. To be within the jurisdiction of a department or agency of the United States government means that the statement must concern an authorized function of that department or agency. *If the government fails to satisfy its burden of proof on this element on any count, you must enter a verdict of not guilty for the defendants on that count.*[88]

---

[88] 2 Sand ¶ 36.01[3], Instr. 36-14 (modifications in italics) (optional language omitted).

**PROPOSED JURY INSTRUCTION NO. 62 (Counts 7-10 – False Entry – 18 U.S.C. § 1005)**

*Counts 7 through 10 of the indictment charge Mr. Gibson, Mr. Harra, Mr. North, and*

*Ms. Rakowski with making false entries in Call Reports and a Monthly Regulatory Report.*

*Counts 7 through 10 each correspond to a different report containing an allegedly false entry.*

In order to prove the defendant *you are considering* guilty of making *a* false *[]* entry in *a*

bank record*[]*, the government must prove each of the following elements beyond a reasonable

doubt *with respect to the count you are considering*:

First, that the defendant made an entry or caused it to be made in the *[]* report*[] []* of the bank as charged in the *[i]*ndictment;

Second, that the entry was false as to a material matter;

Third, that the defendant acted willfully with the intent to deceive *the Federal Reserve*; *and*

Fourth, that the bank's deposits were insured by the Federal Deposit Insurance Corporation.

*Unless the government proves each element beyond a reasonable doubt, you must find the*

*defendant you are considering not guilty on the count you are considering.*[89]

---

[89] 2 Sand ¶ 37.01, Instr. 37-3 (modifications in italics) (optional language included); *see also id.* cmt. (explaining that "the recommended formulation is preferred because it allows the jury to focus separately on whether the defendant made or caused to be made the entry, and then to consider the issues relating to falseness"); Third Superseding Indict. ¶ 86 (alleging that the defendants acted "with intent to deceive, injure, and defraud the Federal Reserve").

96

**PROPOSED JURY INSTRUCTION NO. 63 (Counts 7-10 – False Entry – First Element – Defendant Made Entry)**

The first element *of Counts 7–10 that* the government must prove beyond a reasonable doubt is that the defendant *you are considering* made the entry in the *[]* report*[] []* of the bank, as charged. This does not mean that the government must prove that the defendant physically wrote the entries. It is sufficient to satisfy this element if the government establishes *beyond a reasonable doubt* that the defendant *you are considering willfully* caused the entry to be made. *If the government fails to satisfy its burden of proof on this element, you must enter a verdict of not guilty for the defendant you are considering on the count you are considering.*[90]

---

[90] 2 Sand ¶ 37.01, Instr. 37-4 (modifications in italics); *see also United States v. Krepps*, 605 F.2d 101, 109 (3d Cir. 1979).

**PROPOSED JURY INSTRUCTION NO. 64 (Alleged False Statements in Count 7)**

The only statements you may consider with respect to Count 7 are the following

statements on the Third Quarter 2009 Call Report [Exhibit No. X].

The government contends that the past due amounts in Line Items 1, 3, 4, and 6 on page

38 of the Call Report are false.[91]

---

[91] *See* Bill of Particulars ¶ I(A)(4).

**PROPOSED JURY INSTRUCTION NO. 65 (Alleged False Statements in Count 8)**

The only statements you may consider with respect to Count 8 are the following

statements on the Fourth Quarter 2009 Call Report [Exhibit No. X].

The government contends that the past due loan amounts in Line Items 1, 4, and 6 on page

38 are false.[92]

---

[92] *See* Bill of Particulars ¶ I(A)(5).

**PROPOSED JURY INSTRUCTION NO. 66 (Alleged False Statements in Count 9)**

The only statements you may consider with respect to Count 9 are the following

statements on the First Quarter 2010 Call Report [Exhibit No. X].

The government contends that the past due loan amounts in Line Items 1, 4, and 6 on page

41 are false.[93]

---

[93] *See* Bill of Particulars ¶ I(A)(6).

**PROPOSED JURY INSTRUCTION NO. 67 (Alleged False Statements in Count 10)**

The only statements you may consider with respect to Count 10 are the following

statements in the Monthly Regulatory Report for October 2009 [Exhibit No. X].

The government contends that the 90 or more days past due loan information is false.[94]

---

[94] *See* Bill of Particulars ¶ I(A)(7).

**PROPOSED JURY INSTRUCTION NO. 68 (Counts 7-10 – False Entry – Second Element – False Entry)**

The second element *of Counts 7–10* that the government must prove beyond a reasonable doubt is that the entry made was false as to a material matter. An entry is false if it is untrue and known by the defendant to be untrue at the time it was made.

Because this case involves the reporting standards for reporting "past due" loans, the government must prove beyond a reasonable doubt that the entry was not true under any reasonable interpretation of the applicable reporting standards. It does not matter whether any defendant actually believed that the statement was true, so long as it was true under a reasonable interpretation of the applicable reporting standards. If the government fails to satisfy this burden, then you must find the defendants not guilty on the count you are considering.

If you find that the government has proven beyond a reasonable doubt that the entry was false under the only reasonable interpretation of the applicable reporting standards, then you must also consider whether the entry was known by the defendant to be untrue at the time it was made.

*[]* If you find that the entry was not false or if you have a reasonable doubt as to this element, then it is your duty to acquit.[95]

---

[95] 2 Sand ¶ 37.01, Instr. 37-5 (modifications in italics) (some optional language included); *United States v. Whiteside*, 285 F.3d 1345, 1351 (11th Cir. 2002); *United States v. Bryant*, 556 F. Supp. 2d 378, 444, 448 (D.N.J. 2008) (where a scheme to defraud was premised on false statements under a contract, "the Government has the burden of negating any reasonable interpretation of the [a contract] that would make [the defendant's] conduct consistent with a reasonable exercise of his discretion under the [contract], rather than a 'scheme or artifice to defraud'" (citing *Whiteside*, 285 F.3d at 1351)); *id.* at 446 ("[T]o the extent that a fraudulent misrepresentation turns on the Government's interpretation of a legal standard, the government must negative any reasonable interpretation of the legal standard under which the alleged 'misrepresentation' is not false or misleading."); *United States v. D'Alessio*, 822 F. Supp. 1134, 1144 (D.N.J. 1993); *see also United States v. Krepps*, 605 F.2d 101, 109 (3d Cir. 1979).

**PROPOSED JURY INSTRUCTION NO. 69 (Counts 7-10 – False Entry – Second Element – Materiality)**

*Counts 7 through 10 of the indictment each allege a number of false entries. If you find unanimously that the government has proven beyond a reasonable doubt that the defendant you are considering made a false entry, you must determine whether the entry was "material" under the evidence received in this case.* The *[]* government must prove beyond a reasonable doubt *[]* that the entry made was false as to a material matter.

*[]* An entry is material if it has the capacity or natural tendency to influence the operations of the *Federal Reserve. If the government fails to satisfy its burden of proof on this element, you must enter a verdict of not guilty for the defendants on the count you are considering.*[96]

---

[96] 2 Sand ¶ 37.01, Instr. 37-5 (modifications in italics) (optional language included).

**PROPOSED JURY INSTRUCTION NO. 70 (Counts 7-10 – False Entry – Second Element – Unanimity Required)**

Counts 7–10 allege a number of false entries.

The government is not required to prove that all of the entries that are alleged in a particular count as false are, in fact, false. However, the government must prove beyond a reasonable doubt that at least one of the specific entries in each count was false.

With respect to each count, all twelve of you must agree beyond a reasonable doubt that the same entry was false. It is not enough to convict if some of you find that the government has proven one false entry charged in a count while others of you find that the government has proven another false entry charged in that count. If you do not all agree unanimously that the government has proven the same specific false entry beyond a reasonable doubt with respect to the court you are considering, you must return a verdict of not guilty on that count.[97]

---

[97] *See, e.g.*, 2A O'Malley, § 40:15 (false statements under § 1001) (modifications not italicized); 1A O'Malley, § 13:07 (modifications not italicized); 1 Sand ¶ 9.07, Instr. 9-7 (modifications not italicized); *United States v. Crisci*, 273 F.3d 235, 239 (2d Cir. 2001) (per curiam); *United States v. Stern*, No. 03 Cr. 81, 2003 WL 22743897, at *2 (S.D.N.Y. Nov. 20, 2003) ("An indictment may charge more than one false statement in the same count, so long as the jury is instructed that it must agree unanimously both that the defendant made at least one of the charged false statements, and which statement that was."); *see United States v. Adkinson*, 135 F.3d 1363, 1378 (11th Cir. 1998) (reversing mail and wire fraud convictions where the district court failed "to instruct the jury that they must unanimously agree on the acts constituting defendants' scheme").

104

**PROPOSED JURY INSTRUCTION NO. 71 (Counts 7-10 – False Entry – Third Element – Willfulness and Intent To Deceive)**

The third element that the government must prove beyond a reasonable doubt is that the defendant *you are considering* acted willfully, with the intent to *[] deceive the Federal Reserve*.

To act willfully, as the term is used in this statute, means to act intentionally, deliberately and purposefully. To prove that the defendant acted willfully, the government must prove that *[] the defendant* acted knowingly—that is, that the defendant was fully aware of what he *or she* was doing *and knew the entry at issue was false*—and *acted* with the evil purpose to do what the law forbids.

The government must also prove *beyond a reasonable doubt* that *the* defendant acted with the intent to *[] deceive the Federal Reserve.[]*[98]

---

[98] *See* 2 Sand, ¶ 37.01, Instr. 37-6 (modifications in italics); Third Superseding Indict. ¶ 86 (alleging that the defendants acted "with intent to deceive, injure, and defraud the Federal Reserve").

**PROPOSED JURY INSTRUCTION NO. 72 (Counts 7-10 – Good Faith)**

The offense of *making a false entry* charged in the indictment require*s* proof that *a defendant* acted *"willfully" and "with the intent to deceive, injure, and defraud the Federal Reserve."* If you find that *a defendant* acted in "good faith," that would be a complete defense to this charge, because good faith on the part of *the defendant* would be inconsistent with *his or her* acting *willfully and with the intent to deceive the Federal Reserve.*

A person acts in "good faith" when he or she has an honestly held belief, opinion, or understanding that *not all matured loans had to be reported as "past due"*, even though the belief, opinion, or understanding turns out to be inaccurate or incorrect. Thus, in this case if *the defendant you are considering* made an honest mistake or had an honest misunderstanding about *whether all loans that were matured had to be reported as "past due",* then *the defendant* did not act *willfully and with the intent to deceive the Federal Reserve.*

*The defendants do* not have the burden of proving "good faith." Good faith is a defense because it is inconsistent with the requirement of the offense*s* charged, that *the defendant* acted *willfully and with the intent to deceive the Federal Reserve*. As I have told you, it is the government's burden to prove beyond a reasonable doubt each element of the offense, including the mental state element. In deciding whether the government proved that *the defendant you are considering* acted *with the required intent* or, instead, whether *the defendant* acted in good faith, you should consider all of the evidence presented in the case that may bear on *the defendant's* state of mind. If you find from the evidence that *the defendant* acted in good faith, *[]* or if you find for any other reason that the government has not proved beyond a reasonable doubt that *the defendant* acted *willfully and with the intent to deceive the Federal Reserve*, you must find *the*

*defendant* not guilty of *[] the count you are considering*.[99]

---

[99] 3d Cir. Model Crim. Jury Instr. § 5.07 (Apr. 2015) ("Good Faith Defense") (modifications in italics) (optional language omitted).

**PROPOSED JURY INSTRUCTION NO. 73 (Counts 7-10 – Willfulness and Intent To Deceive – Standards Unclear)**

If the law or the applicable reporting standards were vague, unclear, or subject to more than one interpretation, or if a defendant believed that the law or the applicable reporting standards were vague, unclear, or subject to more than one interpretation, a defendant cannot be found to have acted willfully and with the intent to deceive the Federal Reserve.

The government has the burden of proving beyond a reasonable doubt that the law and the applicable reporting standards were clear, that the defendant you are considering understood the law and the applicable reporting standards in question, and that the defendant acted willfully with the intent to defraud. If the government fails to satisfy this burden of proof, you must enter a verdict of not guilty for the defendant you are considering on the count you are considering.[100]

---

[100] *United States v. Whiteside*, 285 F.3d 1345, 1351 (11th Cir. 2002); *United States v. Pirro*, 212 F.3d 86, 90–91 (2d Cir. 2000); *Siddiqi v. United States*, 98 F.3d 1427, 1439 (2d Cir. 1996); *United States v. Migliaccio*, 34 F.3d 1517, 1525 (10th Cir. 1994); *United States v. Levin*, 973 F.2d 463 (6th Cir. 1992); *United States v. Harris*, 942 F.2d 1125, 1131 (7th Cir. 1991); *United States v. Gahagan*, 881 F.2d 1380, 1384 (6th Cir. 1989); *United States v. Matthews*, 787 F.2d 38, 49 (2d Cir. 1986); *United States v. Mallas*, 762 F.2d 361, 363 (4th Cir. 1985); *United States v. Dahlstrom*, 713 F.2d 1423, 1428 (9th Cir. 1983); *United States v. Race*, 632 F.2d 1114, 1120 (4th Cir. 1980); *United States v. Anderson*, 579 F.2d 455, 460 (8th Cir. 1978); *United States v. Critzer*, 498 F.2d 1160, 1162 (4th Cir. 1974); *Funke v. Life Fin. Corp.*, 237 F. Supp. 2d 458, 468–69 (S.D.N.Y. 2002); *United States v. Crop Growers Corp.*, 954 F. Supp. 335, 347 (D.D.C. 1997); *United States v. D'Alessio*, 822 F. Supp. 1134, 1144 (D.N.J. 1993).

**PROPOSED JURY INSTRUCTION NO. 74 (Counts 7-10 – False Entry – Fourth Element – Bank Deposits Were Federally Insured)**

The final element *of Counts 7–10 that* the government must prove beyond a reasonable doubt is that, at the time of the acts alleged in the *[] count you are considering, Wilmington Trust Corporation* was *[]* insured by the Federal Deposit Insurance Corporation.

If you find that the bank in question was not federally insured, or if you have a reasonable doubt about this element, then you must find the defendant *you are considering* not guilty.[101]

---

[101] 2 Sand, ¶ 37.01, Instr. 37-7 (modifications in italics).

**PROPOSED JURY INSTRUCTION NO. 75 (Theory of Defense)**

That concludes the part of my instructions explaining the elements of the various charges.

Next, I will explain the defendants' position.

The defendants' position is as follows: *[to be based on the evidence adduced at trial]*.[102]

---

[102] *See, e.g.*, 1A O'Malley, § 19:01; *see also* 3d Cir. Model Crim. Jury Instr. § 8.01 (Apr. 2015).