**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:15-23-RGA |
| | ) | |
| DAVID R. GIBSON, | ) | |
| ROBERT V.A. HARRA, | ) | |
| WILLIAM NORTH, and | ) | |
| KEVYN RAKOWSKI, | ) | |
| Defendants. | | |

**PROPOSED JURY INSTRUCTIONS**

Defendant David R. Gibson respectfully submits the following revised proposed jury instructions related to Counts 17 – 19, for which Defendant Gibson is the only defendant charged. Defendant Gibson and the government previously agreed the below instructions, except as specifically indicated.

As reflected below, the government has a global objection to the bolded and italicized sentence at the end of the instructions located at pp. 6 – 8, which addresses the reasonable doubt standard for each element of the charged offense.

The parties have not been able to agree on certain proposed instructions. Proposed instructions at pp. 10 – 12 and 14 – 16 are requested by Defendant Gibson. Proposed instructions at p. 13 are requested by the government. Additionally, Defendant Gibson has added language relating to the standard of falsity and knowledge on pages 10-11 and page 15, respectively. Defendant Gibson has made those edits in bold text because the government has

not yet consented to that language. The parties will attempt to resolve disagreements prior to the charge conference. The parties reserve the right to request a modification of the instructions herein provided or to request additional instructions suggested by the evidence.

Dated: April 12, 2018

Respectfully submitted,

By: __/s/________________

Kenneth M. Breen
John P. Nowak
Phara A. Guberman
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Tel.: (212) 318-6000

John S. Malik (#2320)
LAW OFFICE OF JOHN S. MALIK
100 East 14th Street
Wilmington, DE 19801
Tel.: (302) 427-2247

*Attorneys for Defendant David R. Gibson*

**TABLE OF CONTENTS**

JOINT PROPOSED JURY INSTRUCTION NO. 18 *Counts 17-19: False Certification of Financial Reports—Statute Defining the Offense* ........ 2

JOINT PROPOSED JURY INSTRUCTION NO. 19 *Counts 17-19: False Certification of Financial Reports—Separate Consideration of Multiple Counts—Single Defendant* ........ 3

JOINT PROPOSED JURY INSTRUCTION NO. 20 *Counts 17-19: False Certification of Financial Reports—The Essential Elements of the Statute Defining the Offense* ........ 4

JOINT PROPOSED JURY INSTRUCTION NO. 22 *Counts 17-19: False Certification of Financial Reports—Second Element (Issuer of Securities)* ........ 7

JOINT PROPOSED JURY INSTRUCTION NO. 23 *Counts 17-19: False Certification of Financial Reports—Third Element (Certification)* ........ 8

JOINT PROPOSED JURY INSTRUCTION NO. 24 *Counts 17-19: False Certification of Financial Reports—Third Element (The Requirement of a Written Certification)* ........ 9

DEFENDANT GIBSON'S PROPOSED JURY INSTRUCTION NO. 1 *Counts 17-19: False Certification of Financial Reports—Fourth Element (Certification was Materially False) (Defendant's Request)* ........ 10

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1 *Counts 17-19: False Certification of Financial Reports—Fourth Element (Certification was Materially False) (Government's Request)* ........ 13

DEFENDANT GIBSON'S PROPOSED JURY INSTRUCTION NO. 2 *Counts 17-19: False Certification of Financial Reports—Fifth Element (Knowledge of Falsity) (Defendant's Request)* ........ 15

DEFENDANT GIBSON'S PROPOSED JURY INSTRUCTION NO. 3 *Counts 17-19: False Certification of Financial Reports—Theories of the Defense (Defendant's Request)* ........ 17

## JOINT PROPOSED JURY INSTRUCTION NO. 17

***Counts 17-19: False Certification of Financial Reports—Nature of the Offenses***

Counts 17-19 of the Third Superseding Indictment charge that Mr. Gibson "knowingly certified falsely" that certain periodic reports filed with the Securities Exchange Commission complied with Section 13(a) or 15(d) of the Securities Exchange Act, when Mr. Gibson knew that information contained in the periodic reports "did not fairly present, in all material respects," the financial condition of the Bank.

The periodic reports allegedly containing the false certifications were Wilmington Trust's (i) Form 10-Q for the Third Quarter of 2009, (ii) Form 10-K for 2009, and (iii) Form 10-Q for the First Quarter of 2010. According to the government, the reason why these certifications were false is that the periodic reports pertaining to each certification did not report certain matured loans that were current for interest payments and in the process of extension as "past due," which allegedly resulted in Wilmington Trust failing to fairly present, in all material respects, the financial condition of the Bank, in violation of 18 U.S.C. § 1350.[1]

[1] *See e.g.*, D.I. 207 at 4 (government states "[i]n sum, the Indictment alleged that the Bank was required to set forth its quarterly amount of past due loans in its Call Reports and SEC Reports, as well as in the Monthly Regulatory Reports required by the Federal Reserve[.]"); Third Superseding Indictment, ¶ 90.

**JOINT PROPOSED JURY INSTRUCTION NO. 18**

***Counts 17-19: False Certification of Financial Reports—Statute Defining the Offense***

Section 1350(a) of Title 18 of the United States Code requires that each periodic report containing financial statements filed by an issuer with the Securities Exchange Commission pursuant to Section 13(a) or 15(d) of the Securities Exchange Act be accompanied by a written statement by the chief executive officer and chief financial officer of the issuer.[2]

Section 1350(b) of Title 18 of the United States Code requires that the written statement certify that the accompanying periodic report fully complies with the requirements of Section 13(a) or 15(d) of the Securities Exchange Act and that information contained in the periodic report fairly presents, in all material respects, the financial condition and results of operations of the issuer.[3]

Section 1350(c)(1) of Title 18 of the United States Code provides that whoever certifies the written statement knowing that the accompanying periodic report does not comport with all the requirements set forth in this section shall be guilty of a crime.[4]

---

[2] 18 U.S.C. § 1350(a).

[3] 18 U.S.C. § 1350(b).

[4] 18 U.S.C § 1350(c)(1). The government has explicitly limited Counts 17-19 of the Third Superseding Indictment to alleged violations of 18 U.S.C. § 1350(c)(1). Thus, 18 U.S.C. § 1350(c)(2) is inapplicable. July 7, 2016 Tr. at 52:3-4 (responding to question from the Court on whether Counts 17-19 charge violations of 18 U.S.C. § 1350(c)(1) and (c)(2), or just (c)(1), Assistant United States Attorney Alexander Ibrahim stated "[y]our Honor, it's the (c)(1) is only charged.").

## JOINT PROPOSED JURY INSTRUCTION NO. 19

***Counts 17-19: False Certification of Financial Reports—Separate Consideration of Multiple Counts—Single Defendant***

Mr. Gibson is charged with more than one offense; each offense is charged in a separate count of the Third Superseding Indictment. The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way. You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense. For each offense charged, you must decide whether the government has proved beyond a reasonable doubt that Mr. Gibson is guilty of that particular offense, meaning that the government has proved beyond a reasonable doubt each element of that particular offense. Your verdict on one count should not control your verdict on any other count.[5]

[5] Third Circuit Model Criminal Jury Instructions § 3.12 (Apr. 2015); *see also* L. Sand, *et al*., Modern Federal Jury Instructions-Criminal, 1.14 (2017); *Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit* (2003 ed.) § 3.12.

**JOINT PROPOSED JURY INSTRUCTION NO. 20**

***Counts 17-19: False Certification of Financial Reports—The Essential Elements of the Statute Defining the Offense***

Mr. Gibson is charged in Counts 17-19 of the Third Superseding Indictment with knowingly making materially false certifications in financial reports. To meet its burden of proof on Counts 17-19, the government must prove as to each count each of the following five essential elements beyond a reasonable doubt. If the government fails to prove any essential element beyond a reasonable doubt, you must return a verdict of not guilty on the count that you are considering. The five essential elements are:

*First*, that Mr. Gibson was the chief executive officer, chief financial officer, or the equivalent, of Wilmington Trust Corporation, and

*Second*, that Wilmington Trust Corporation was an issuer of securities regulated by the Securities Exchange Act; and

*Third*, that Mr. Gibson certified that the information contained in the Wilmington Trust Corporation's periodic report to which the count pertains (i) fully complied with the requirements of section 13(a) or 15(d) of the Securities Exchange Act of 1934, and (ii) fairly presented, in all material respects, the financial condition and results of operations of Wilmington Trust Corporation; and

*Fourth*, that this certification was materially false; and

*Fifth*, that Mr. Gibson knew at the time the certification was made that the certification was materially false.[6]

[6] Adapted from L. Sand, *et al.*, Modern Federal Jury Instructions-Criminal (2017) § 3.10; *see also* 18 U.S.C. § 1350(c)(1); *United States v. Harris*, No. 1:09-CR-00406, 2011 WL 2652911 (N.D. Ga. May 31, 2011) (instructions to jury); *United States v. Ruehle*, No. 08-139-CJC, 2009 WL 3151015 (C.D. Cal. Sept. 24, 2009) (proposed jury instructions); E. Ruschky, Pattern Jury

If the government has failed to prove any of these elements beyond a reasonable doubt, you must return a verdict of not guilty on the count you are considering.

---

Instructions for Federal Criminal Cases, District of South Carolina (2016), at 268 (section titled 18 U.S.C. § 1350(c)(1)).

**JOINT PROPOSED JURY INSTRUCTION NO. 21**

***Counts 17-19: False Certification of Financial Reports—First Element (Chief Executive Officer, Chief Financial Officer, or Equivalent)***

The first essential element of Counts 17-19 that the government must prove beyond a reasonable doubt is that that Mr. Gibson was the chief executive officer, chief financial officer, or the equivalent, of Wilmington Trust. ***If the government fails to prove this essential element beyond a reasonable doubt, you must return a verdict of not guilty on that count.***[7]

****Note: The government does not object to the first sentence of this charge. The government objects to the bolded and italicized sentence at the end of each of the charges restating the reasonable doubt standard for each element.**

[7] 18 U.S.C. § 1350(a), (c); E. Ruschky, Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina (2016), at 268 (section titled 18 U.S.C. § 1350(c)(1)).

## JOINT PROPOSED JURY INSTRUCTION NO. 22

***Counts 17-19: False Certification of Financial Reports—Second Element (Issuer of Securities)***

The second essential element of Counts 17-19 that the government must prove beyond a reasonable doubt is that Wilmington Trust Corporation was an issuer of securities regulated by the Securities Exchange Act. I instruct you that an "issuer" of securities includes every person, including a corporation, who issues or proposes to issue any security. The term "security" includes stock.[8] ***If the government fails to prove this essential element beyond a reasonable doubt, you must return a verdict of not guilty on the count you are considering***.[9]

****Note: The government does not object to the first two sentences of this charge. The government objects to the bolded and italicized sentence at the end of each of the charges restating the reasonable doubt standard for each element.**

[8] Section 2(4) of the Securities Act of 1933; 15 U.S.C. §§ 77b(1), 78c(a)(10); *Marine Bank v. Weaver*, 455 U.S. 551, 555-56 (1982).

[9] 18 U.S.C. § 1350(a), (c); E. Ruschky, Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina (2016), at 268 (section titled 18 U.S.C. § 1350(c)(1)).

**JOINT PROPOSED JURY INSTRUCTION NO. 23**

***Counts 17-19: False Certification of Financial Reports—Third Element (Certification)***

The third essential element of Counts 17-19 that the government must prove beyond a reasonable doubt is that Mr. Gibson certified that the information contained in the Wilmington Trust Corporation's periodic report to which that count pertains (i) fully complied with the requirements of Section 13(a) or 15(d) of the Securities Exchange Act of 1934, and (ii) fairly presented, in all material respects, the financial condition and results of operations of Wilmington Trust Corporation. The periodic reports at issue are as follows:

| **Count** | **Periodic Report** |
|---|---|
| Seventeen | Wilmington Trust Form 10-Q, filed 11/9/09 |
| Eighteen | Wilmington Trust Form 10-K, filed 2/22/10 |
| Nineteen | Wilmington Trust Form 10-Q, filed 5/10/10 |

***Unless the government proves beyond a reasonable doubt that Mr. Gibson made the certification described above in the periodic report for the count that you are considering, you must return a verdict of not guilty on that count***.[10]

****Note: The government does not object to the first two sentences of this charge. The government objects to the bolded and italicized sentence at the end of each of the charges restating the reasonable doubt standard for each element.**

[10] 18 U.S.C. § 1350(b); *see also* Third Superseding Indictment ¶ 90; E. Ruschky, Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina (2016), at 268 (section titled 18 U.S.C. § 1350(c)(1)).

**JOINT PROPOSED JURY INSTRUCTION NO. 24**

***Counts 17-19: False Certification of Financial Reports—Third Element (The Requirement of a Written Certification)***

I further instruct you that Section 1350 of Title 18 of the United States Code requires that an issuer's quarterly and annual reports, SEC Forms 10-Q and 10-K, respectively, be accompanied by a written certification by the issuer's Chief Financial Officer that those reports complied with Section 13(a) or 15(d) of the Securities Exchange Act in all material respects.[11]

[11] 15 USC §§ 78m(a) and 78*o*(d).

**DEFENDANT GIBSON'S PROPOSED JURY INSTRUCTION NO. 1**

***Counts 17-19: False Certification of Financial Reports—Fourth Element (Certification was Materially False) (Defendant's Request)***

The fourth essential element of Counts 17-19 that the government must prove beyond a reasonable doubt is that the certification made by Mr. Gibson was materially false. Whether a certification was materially false must be determined at the time it was made.[12]

**Falsity**

The government contends that the certifications in Counts 17-19 were false because loans that were matured, current for interest payments, and in the process of extensions, were "past due" and were required to be reported as "past due" pursuant to either Section 13(a) or 15(d) of the Securities Exchange Act.[13]

In order to establish that any of the certifications in Counts 17-19 were false, the government must prove beyond a reasonable doubt that no reasonable interpretation of the SEC regulations under Section 13(a) or 15(d) of the Securities Exchange Act allowed for loans that were matured and current for all interest payments and in the process of extension to be excluded from a report of "past due" loans. If the government fails to satisfy this burden, then you must find that the statement was not false. It does not matter whether Mr. Gibson actually believed that the statement was true, so long as it was true under a reasonable interpretation of the SEC regulations; ***including the description that I provided to you using the question and answer***

[12] *See* ABA, *Model Jury Instructions: Securities Litigation* § 4.02[2] ("Whether statements or omissions are false or misleading must be determined as of the time they were made.").

[13] *See e.g.*, D.I. 207 at 4 (government states "[i]n sum, the Indictment alleged that the Bank was required to set forth its quarterly amount of past due loans in its Call Reports and SEC Reports, as well as in the Monthly Regulatory Reports required by the Federal Reserve[.]"); July 7, 2016 Tr. at 15:10-17 (explaining that "the essence of the government's theory of the case" is that Wilmington Trust understated the quantity of loans past due more than 90 days); Third Superseding Indictment, ¶ 90.

***format. The government has the burden to prove beyond a reasonable doubt that there is no reasonable interpretation of the term "past due loan" that would make the defendants' statements factually correct.***[14] [15]

Finally, whether a certification was false must be determined at the time it was made; the certification may not be considered false merely because subsequent events prove it to be erroneous.[16]

**Materiality**

With respect to the phrase "in all material respects," please use the definition of "materiality" that was given in connection with Count 2, *i.e.*, information is material only if there is a substantial likelihood that a reasonable investor would have viewed the information as having significantly altered the total mix of information available. This means that if you find that a particular statement of fact was false, you must determine whether [] *there was a substantial likelihood that the* statement was one that a reasonable *investor would have viewed as*

[14] *See United States v. Stacks*, 821 F.3d 1038, 1044 (8th Cir. 2016); *United States v. Lake*, 472 F.3d 1247 (10th Cir. 2007); *United States v. Whiteside*, 285 F.3d 1345, 1351 (11th Cir. 2002); *United States v. Prigmore*, 243F.3d 1, 17 (1st Cir. 2001); *United States v. Migliaccio*, 34 F.3d 1517, 1525 (10th Cir. 1994); *see also* (D.I. 716; 722; 726); *United States v. Bryant*, 556 F. Supp. 2d 378, 444, 446-448 (D.N.J. 2008) (where a scheme to defraud was premised on false statements under a contract, "[T]o the extent that a fraudulent misrepresentation turns on the Government's interpretation of a legal standard, the government must negat[e]any reasonable interpretation of the legal standard under which the alleged 'misrepresentation' is not false or misleading…"the Government has the burden of negating any reasonable interpretation of the [a contract] that would make [the defendant's] conduct consistent with a reasonable exercise of his discretion under the [contract], rather than a 'scheme or artifice to defraud') (citing *Whiteside*, 285 F.3d at 1351)); at 446); *United States v. D'Alessio*, 822 F. Supp. 1134, 1144 (D.N.J. 1993).

[16] E. Ruschky, Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina (2016), at 268 (section titled 18 U.S.C. § 1350(c)(1)); *see also United States v. Scrushy*, No. CR-03-BE-0530-S, 2005 WL 4149004, at *5 (N.D. Ala. Jan. 21, 2005) (finding that a knowing violation of § 1350 requires proof beyond a reasonable doubt that the defendant knew that the periodic report contained materially false information at the time of certification); *United States v. Forbes,* No. 3:02cr00264 (AHN), ECF No. 2597 (D. Conn. Oct. 31, 2006).

*having significantly altered the total mix of information available []* in making his or her decision.*[]*[17] *If the government fails to satisfy its burden of proving a fraudulent representation relating to a material fact, then you must find the defendants not guilty on Counts 17-19.* In other words, if you find that the "past due" loan information contained in each periodic report is not material, you must return a verdict of not guilty.[18]

[17] *See* Third Circuit Model Jury Instruction § 6.18.1341-1 (Oct. 2016) (Mail, Wire, or Bank Fraud – "Scheme to Defraud or to Obtain Money or Property" Defined) (modifications in italics); *see also Matrixx Initiatives, Inc. v. Siracusano,* 563 U.S. 27, 44 (2011) (quoting *Basic Inc. v. Levinson*, 485 U.S. 224, 232 (1988) (stating that information is not material for purposes of Rule 10b-5 unless "a *reasonable* investor would have viewed the nondisclosed information 'as having *significantly* altered the total mix of information made available'" (emphases in original)).

[18] 18 U.S.C. § 1350(c)(1).

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1**

***Counts 17-19: False Certification of Financial Reports—Fourth Element (Certification was Materially False) (Government's Request)***

The fourth essential element of Counts 17-19 that the government must prove beyond a reasonable doubt is that the certification made by Mr. Gibson was materially false. Whether a certification was materially false must be determined at the time it was made.

A statement, representation, claim or document is false if it is untrue when made and if the person making the statement, representation, claim or document or causing it to be made knew it was untrue at the time it was made.

In addition, deceitful statements of half truths or the concealment of material facts or the expression of an opinion not honestly entertained may constitute false statements. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance. The deception need not be premised upon spoken or written words alone. If there is deception, the manner in which it is accomplished is immaterial.

The false representation must relate to a material fact or matter. A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision *with respect to [a proposed investment.]*

This means that if you find that a particular statement of fact was false, you must determine whether that statement was one that a reasonable person *(or investor)* might have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts.[19]

[19] Model Criminal Jury Instruction, 3d Circuit § 6.18.1341-1.

****Note: Defendant Gibson objects to this charge. The parties disagree on the definitions related to falsity and materiality. Each party's proposed definitions are reflected in their requested instruction related to the fourth element of Counts 17 – 19.**

**DEFENDANT GIBSON'S PROPOSED JURY INSTRUCTION NO. 2**

***Counts 17-19: False Certification of Financial Reports—Fifth Element (Knowledge of Falsity) (Defendant's Request)***

The fifth essential element of Counts 17-19 that the government must prove beyond a reasonable doubt is that at the time the certification was made, Mr. Gibson knew that the certification was false. ***In this case, this means that the government must prove beyond a reasonable doubt that the defendant knew that statements concerning "past due" loans were false under any reasonable interpretation of that term, including the description that I provided to you using the question and answer format. The government has the burden to prove beyond a reasonable doubt that there is no reasonable interpretation of the term "past due loan" that would make the defendants' statements factually correct.***[20] It also means that the government must prove beyond a reasonable doubt that Mr. Gibson was conscious and aware that the periodic report to which that count pertains (i) did not comply with the requirements of Section 13(a) or 15(d) of the Securities Exchange Act of 1934, and (ii) the information contained in the periodic report did not fairly present, in all material respects, the financial condition and results of operations of Wilmington Trust. The government must prove that Mr. Gibson made the certification voluntarily and intentionally, conscious and aware that the certification was false, and not because of mistake or accident or any other innocent reason. An honest or "good faith" belief by Mr. Gibson that the certification was accurate, meaning an honest or "good faith" belief by Mr. Gibson that loans that were matured, interest-current, and in the process of extension were not "past due" and were not required to be reported as "past due," is a complete

---

[20] *See United States v. Stacks*, 821 F.3d 1038, 1044 (8th Cir. 2016); *United States v. Lake*, 472 F.3d 1247 (10th Cir. 2007); *United States v. Whiteside*, 285 F.3d 1345, 1351 (11th Cir. 2002); *United States v. Prigmore*, 243F.3d 1, 17 (1st Cir. 2001); *United States v. Migliaccio*, 34 F.3d 1517, 1525 (10th Cir. 1994); *see also* (D.I. 716; 722; 726).

defense to this charge.[21] It is a complete defense to this charge even if Mr. Gibson's good faith belief were mistaken or incorrect. The meaning of "good faith," is defined in Proposed Jury Instruction [x] (Count 2).

In deciding whether Mr. Gibson acted "knowingly," you may consider evidence about what Mr. Gibson said, what Mr. Gibson did and failed to do, how Mr. Gibson acted, and all other facts and circumstances shown by the evidence that may prove what was in Mr. Gibson's mind at that time.[22] ***As with all the other charges, it is the government's burden to prove beyond a reasonable doubt each element of the offense. If the government fails to satisfy its burden of proof on any essential element, you must enter a verdict of not guilty on that count. If the government fails to prove any essential element beyond a reasonable doubt, you must return a verdict of not guilty on that count***.[23]

****Note: The government objects to the charge in full. The government's position is that knowledge of falsity is addressed in the previous charge.**

[21] No Third Circuit authority allows a jury to impute knowledge by a showing of "willful blindness" for an 18 U.S.C. § 1350 charge. Accordingly, that theory is not available here.

[22] Adapted from L. Sand, *et al*., Modern Federal Jury Instructions-Criminal (2017) § 5.02; *see also United States v. Maury*, 695 F.3d 227, 262 (3d Cir. 2012) (upholding "knowingly" jury instruction similar to the one here as "consistent with our own case law and our recommended jury instructions concerning 'knowing' conduct." (citations omitted)).

[23] Sand, Instr. 37-5 (modified).

**DEFENDANT GIBSON'S PROPOSED JURY INSTRUCTION NO. 3**

***Counts 17-19: False Certification of Financial Reports—Theories of the Defense (Defendant's Request)***

Mr. Gibson has pleaded "not guilty" to all of the charges in the Indictment. This plea of not guilty means that Mr. Gibson denies each of the essential elements of the offenses as described in the instructions, and imposes on the government the burden of establishing each of the required elements by proof beyond a reasonable doubt. Mr. Gibson denies all of the allegations of wrongdoing in the Third Superseding Indictment, and states that he did not conspire with anyone to commit the crimes alleged in the Indictment; did not, at any time, engage in any fraudulent or misleading conduct designed to deceive Wilmington Trust, its shareholders, any government agency, or the public; and at all times acted in good faith and without any intent to deceive or mislead.[24]

**** Note: The government objects to this charge.**

[24] O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions: Criminal* § 19.01 (5th ed. 2000 & 2003 Supp.) (Theory of the Defense – Explained); *United States v. Tsinnijinnie,* 601 F.2d 1035, 1040 (9th Cir. 1979) (defendant has a right to a theory of the defense instruction); *see also United States v. Opdahl,* 930 F.2d 1530, 1534 (11th Cir. 1991) (reversing conviction where court refused to give theory of defense instruction); *United States v. Mason,* 902 F.2d 1434, 1438 (9th Cir. 1990) ("A defendant is entitled to have the judge instruct the jury on his theory of defense, provided that it is supported by law and has some foundation in the evidence.").