

1(212) 318-6252
pharaguberman@paulhastings.com

April 23, 2018

The Honorable Richard G. Andrews
United States District Judge
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

**Re:**   **United States v. Gibson, et al., 15-CR-23 - Final Jury Instructions**

Dear Judge Andrews:

In response to the Court's request, Defendants submitted the proposed edits (Exhibit A) to the Court's Final Jury Instructions, which were provided to the Court electronically on April 21, 2018.  We respectfully request that our prior objections to these instructions be preserved.

In addition, the government also provided proposed edits to the Court's Final Instructions and proposed additional instructions on April 21, 2018.  Defendants submitted objections to the government's proposal electronically, as follows:

**Objections to the Government's Proposed Edits to the Final Jury Instructions**

- The government's request to insert into the general instruction "Mental States Defines" that "Willfully does not require proof that the actor knew of the existence and meaning of the statute making his conduct criminal," is contrary to our discussion during the charge conference.  During the charge conference, the discussion regarding this language was limited to Counts 5, 11 – 16 related to 18 U.S.C. § 1001, which was discussed on page 91 of the Consolidated Proposed Jury Instructions. (Tr. 6712:5 – 6717:14.)  To the extent the Court is inclined to include this language, we request that it be limited to the Counts identified during the charge conference.

- Defendants oppose the request to insert into page 28 that "A defendant did not act in 'good faith,' however, if even though he or she honestly held a certain opinion or belief or understanding, he or she also knowingly made false statements, representations or promises to others."  The government raised this proposal during the charge conference, but it was not agreed to. (Tr. 6658:5-9.)

  This language should not be included because it is unnecessarily confusing and does not change the meaning of the instruction in any way.  The good faith instruction as it stands charges that "in this case if the defendant you are considering made an honest mistake or had an honest misunderstanding about whether all loans that were matured had to be reported as 'past due,' then the defendant did not act knowingly, willfully, or with the intent to defraud."  Including the proposed mirroring instruction is both superfluous and unclear.

- Quotation marks around the term "past due loan" should remain given that it is a specialized term and subject to varied definitions.



The Honorable Richard G. Andrews
April 23, 2018
Page 2

- Defendants object to the issuance of any additional instructions regarding the interpretation of the term "contractually past due." During the charge conference, the Court made clear that for purposes of defining "past due loans" in the Call Report and SEC filings, the instructions "will essentially say that these are the documents that define what is called for in the past due, and you will be able to argue to the jury circumstance three, circumstance four for the call reports. You'll be able to argue whether they're contractually past due for the SEC." (Tr. 6582:7-3.)  The Court explained that while it does not intend to put the issue of ambiguity to the jury, neither party would be limited in their arguments regarding the Call Report Instructions because it goes to both the Defendants' mental state and the issue of good faith.  (Tr. 6583: 5-15.)

**<u>Objections to the Government's New Proposed Instructions</u>**

The determination by the Court that the Bank's contractual terms are ambiguous is outside the scope of any discussion we had at the charge conference.  Further, the instructions proposed by the government are model civil instructions for Delaware state matters.  The purpose of these instructions is where the parties to a contract disagree regarding intent.  There is no such disagreement here.  The agreement is between the Borrower and the Lender, not the Government.  Where the Lender and Borrower's interests are aligned, as here where extension of the loans was in the best interest of both parties to the contract, any instruction on the ambiguity of contractual terms has no place and is generally inappropriate in a federal criminal matter.

The provision of such an instruction is likely to further confuse the jury.  It is not only perplexing and unnecessary, but would also result in a constructive amendment because it effectively shifts the applicable standard of falsity and represents a departure from the charged conduct—i.e., that "past due loans" were underreported pursuant to applicable regulatory standards.  Moreover, it is wholly unnecessary to provide a primer to the jury on contract interpretation where the Court has already permitted the parties to present their interpretation of the contracts and evidence supporting that interpretation, to allow the jury to decide the weight of the evidence on this issue.

If the Court is considering additional instructions on issues and principles of contract law, Defendants would request instructions regarding oral modifications of a written agreement, the "doctrine of substantial compliance," and broadly versus strictly construing contractual terms, which we would request the opportunity to provide.

Additionally, we are prepared to offer expert testimony that the promissory note would take precedence over the loan agreement for the following reasons:

- The promissory note would likely be the legally enforceable document in a default or dispute situation;

- The loan agreement generally summarizes terms from other documents (e.g., promissory note and deed of trust), but one would actually need to go to those documents for the fully agreed upon terms in those documents; and

- A promissory note is enforceable even without a loan agreement, but the reverse is not true.



The Honorable Richard G. Andrews
April 23, 2018
Page 3

However, under the circumstances and given the history of this case, denying the government's request for additional instructions is just and correct. Including instructions like those suggested by the government would shift the standard on the eve of closing arguments, when Defendants have not had the opportunity to offer evidence and expert testimony on this issue. The parties provided proposed jury instructions in this matter in September, February, and again last week. These new instructions were not part of any of the government's proposed instructions, nor consistent with the manner in which the government presented its case-in-chief.

We thank the Court for its consideration of these issues.


Respectfully submitted,

**/s/ Phara A. Guberman**

Phara Guberman
for PAUL HASTINGS LLP


cc:     Counsel for all Parties (via ECF)